UTICA,
July, 1830:
Evertson
v.
Sutton,

## EVERTSON *vs.* SUTTON.

The statute authorizing summary proceedings against *tenants* who *hold over*, applies only where the *conventional* relation of *landlord and tenant* exists, and not where it is created by *operation of law*.

A judge who issues a warrant under this statute to dispossess a person, without having obtained jurisdiction of the matter, is a trespasser, and an action lies against him by the person dispossessed, although such person came illegally into possession.

Such illegal possessor may maintain trespass for an entry upon him against all the world except the rightful owner.

An officer to whom the execution of this law is entrusted, sued for acts done by him, is bound to shew *affirmatively* the facts giving him jurisdiction. His *minutes* will not be received as evidence in justification.

THIS was an action of trespass tried at the Tompkins circuit in January, 1829, before the Hon. SAMUEL NELSON, one of the circuit judges.

One Horace Jerome, being the owner of certain premises in the town of Ulysses in the county of Tompkins, on which there was a valuable grist-mill, and on which the plaintiff had three mortgages, entered into an agreement with the plaintiff, on the 13th July, 1826, to deliver to him the possession of the premises within 45 days, the use of the property to be deemed equivalent to the interest accruing on the mortgages. On the 20th September, 1826, an agent of the plaintiff made an affidavit setting forth the above agreement, and stating that although the 45 days had expired, Jerome had not delivered up the possession of the premises, but held over and continued in possession against the will and consent of the plaintiff, and on such affidavit obtained a summons from a judge of Tompkins county, under *the landlord and tenant act of* 1820, authorizing summary proceedings against tenants holding over, for Jerome to shew cause why the plaintiff should not be put into possession of the premises. Jerome was summoned, appeared, demanded a trial by jury, and had a verdict found against him ; upon which the judge, on the 16th October, 1826, issued his warrant directing the plaintiff to be put into possession of the premises, who

UTICA,
July, 1830.

Evertson
v.
Sutton.

accordingly was put into possession by the sheriff of Tompkins on the 20th October, 1826, and placed the mill in charge of one *Terry*, a miller.

Jerome thus having been dispossessed, called upon another judge of Tompkins county, (the defendant in this cause,) and on the 23d October, 1826, obtained from him a summons for *Terry* to shew cause why the possession of the premises should not be delivered to him, (Jerome.)   Terry had notice of but an hour and a half in which to appear before the judge, who resided at a distance of seven miles.   He however went and found Jerome at the office of the judge, and during a momentary absence of Terry, procured by the management of Jerome, the case was called and judgment pronounced in favor of Jerome.   On the same day a warrant was issued by the defendant, directing all persons to be removed from the premises in question, and Jerome to be put into possession of the same, which was forthwith executed by a constable proceeding to the premises and informing Terry that he had a warrant to remove him.   Terry said that it made no difference to him under whom he held, acknowledged Jerome as his landlord, and agreed to pay the income of the mill to him, and continued miller.   It appeared that the summons issued by the defendant was preceded by an affidavit made by Jerome.   The attorney who drew the affidavit testified that it was drawn according to Jerome's dictation and was intended as a proceeding under the landlord and tenant act ; that he at the time considered it defective, but in what respect he did not remember ; a witness for the plaintiff produced in court what he testified was a copy of it, taken by him from the original in the office of the judge, but it was not offered in evidence by either party, although the defendant in a subsequent stage of the cause, testifying to the loss of the original, admitted that the witness had taken a copy.   On this evidence, after proving the rent of the mill to have been worth $100 per month, the plaintiff rested.

The defendant moved that the plaintiff be nonsuited, because, 1. The defendant having acted judicially, and not ministerially, was not liable in trespass ; 2. That the defendant, as one of the judges of Tompkins, having jurisdiction of

the subject matter, the proceedings before him must be presumed to be regular, and the irregularity, if any, must be shewn by the plaintiff; and 3. It appearing that an affidavit had been made as the foundation of the proceedings on the part of the plaintiff under the landlord and tenant act, the court was bound to presume that the affidavit was in conformity to the statute, and sufficient to give the defendant jurisdiction. The judge refused to nonsuit the plaintiff. The defendant's counsel then offered in evidence the record of the defendant as a judge of Tompkins county, shewing the regularity of all the proceedings before him under the landlord and tenant act. This record purported to be the minutes of his doings, and did not contain copies of the proceedings; it was objected to by the plaintiff and rejected by the judge. The defendant was sworn, and proved the loss of the affidavit made by Jerome. The defendant's counsel then contended that the proceedings on the part of the plaintiff, whereby he obtained the possession of the premises, were void, and that Jerome had the prior and better right.

The judge charged the jury, that though by the proceedings instituted by the plaintiff to obtain possession of the premises he acquired no right, still, for the purpose of maintaining this suit, he considered the warrant to put him in possession and the execution thereof sufficient to render it incumbent upon the defendant to shew that the affidavit of Jerome was such as gave him jurisdiction to proceed against Terry, and that as he had not produced such affidavit, he must be deemed a trespasser. The jury found for the plaintiff with $200 damages, which verdict was now moved to be set aside.

*J. A. Collier*, for defendant.

*J. Oakley*, for plaintiff.

*By the Court,* SAVAGE, Ch. J. The statute under which these proceedings were had provides that where any tenant or lessee at will or at sufferance, or for part of a year, or one or more years, or from year to year, shall hold over after the expiration of his term, it shall be lawful for the landlord or

lessor to make oath in writing of such holding over without permission ; and thereupon to apply to a judge who shall issue a summons, and take other proceedings pointed out in the statute, ending in a warrant to deliver possession to the landlord or lessor. This statute is applicable between landlord and tenant only. No such relation existed between the plaintiff and Jerome, nor between Jerome and Terry. The whole proceedings therefore from beginning to end, have been without jurisdiction and void.

The contract between the plaintiff and Jerome was set out in the affidavit upon which the proceedings were had, putting the plaintiff in possession. It is a mere executory contract by which Jerome is considered the owner of the property, and he agrees to give possession at a certain day, and the use of the property he agrees shall be equivalent to the interest accumulating on the debt he owed the plaintiff. Now so far as any analogy exists between this agreement and a lease, it goes to shew that the plaintiff was to set off the use of the property (or the rent) against the interest of his mortgages. Jerome, in this transaction, is most like a landlord and the plaintiff the tenant ; but, in truth, there is no pretence for any thing like a tenancy. The judge might as well have undertaken to enforce any agreement for the purchase and sale of real estate. It is true, indeed, that for some purposes the mortgagor is considered the tenant to the mortgagee, and the vendor of land who continues in possession after the sale, under an agreement to deliver possession on a certain day, is tenant to the purchaser. 4 *Johns. R.* 150. So also the same relation exists in other cases, 7 *Cowen*, 323, 6 ; but the statute of 1820 was clearly designed to afford a speedy remedy where the *conventional* relation of landlord and tenant existed, and not where that relation is created by operation of law. The legislature never intended that the mortgagee should have a right to proceed under this statute to obtain possession of the mortgaged premises after forfeiture.

If I am correct in this construction of the statute, then, as before observed, the proceedings on the part of the plaintiff, whereby he obtained possession, were *coram non judice* and void ; but the plaintiff was in possession by color of law, and

he was mortgagee in possession. As between mortgagor and mortgagee, the former is considered the owner, 11 *Johns. R.* 524, and may maintain trespass for cutting timber, and of course for any entry without leave, until the possession shall be recovered in an action of ejectment. Although, therefore, the plaintiff was in possession under color of legal proceedings, yet the judge under whose warrant he obtained possession having no jurisdiction, the plaintiff's entry was unlawful and conferred no greater rights than if he had taken possession without the judge's warrant; and in such case, independently of the contract of July, 1826, trespass might have been sustained against him by Jerome.

According to the cases of *Hyatt v. Wood,* 4 *Johns. R.* 150, and *Runyan v. Mersereau,* 11 *Johns. R.* 535, Jerome, the mortgagor, being the owner, might have taken possession forcibly; and, though he might have been punishable for a breach of the peace on behalf of the public, yet no civil action could have been sustained; for "it would," in the language of Spencer, justice, 4 *Johns. R.* 158, "be an absurdity to say that he must also be responsible in damages, as for an injury to the person who has no right, but is himself a wrong doer, in consequence of his illegal entry. But the *defendant* did not act as the agent of Jerome, but attempts to justify under the statute; he must, therefore, bring himself within its provisions, or he can derive no benefit from the fact of his professing to act under it. Courts and officers of limited jurisdiction are bound to shew that they have jurisdiction in the case; and then their subsequent proceedings are treated with liberality. A judge has jurisdiction to act in cases provided for by this statute; but he cannot legally take cognizance of any complaint until an affidavit is presented shewing the relation of landlord and tenant, and a refusal on the part of the latter to deliver possession at the expiration of his term, or the non-payment of the rent due, and that there is no remedy by distress. So a justice of the peace has jurisdiction to issue an attachment in certain cases; but if he issues an attachment without the proof and security required by law, he is a trespasser. So is the judge who issues his warrant to remove the tenant, without first having the requisite affidavit

presented to him. If, therefore, the plaintiff had a sufficient possession, the defendant has shewn no justification. Whatever presumptions might be indulged under other circumstances, we cannot, in this case, presume that a sufficient affidavit was presented, when we are told by the attorney who drafted it that it was insufficient, and when it appears that if it was sufficient in point of form, it must have been false.

I am of opinion that the judge at the circuit was correct in rejecting the defendant's minutes; and that the defendant must shew affirmatively facts to give him jurisdiction.

But the most difficult question, in my mind, is whether the plaintiff, having obtained possession wrongfully, can maintain trespass. I should have no hesitation in deciding this question in the negative, as against Jerome, were it not for his agreement to deliver possession before any proceedings were commenced. By the contract of July, 1826, the plaintiff was entitled to possession in 45 days; by getting possession, he obtained no more than he was entitled to; he was put in no better situation than he ought to have been; and I very much doubt whether Jerome would have been permitted to maintain trespass against him for obtaining that which he (Jerome) was bound to have delivered voluntarily. Independent of that agreement, I have no doubt that the plaintiff would have been a trespasser, and that Jerome might have maintained an action against him. The only obstacle is, that the plaintiff obtained illegally that to which he was legally entitled by suit at law. At any rate, it seems to me that this possession was sufficient against all the world except Jerome; the defendant does not justify under Jerome; but places his justification upon a ground which is altogether untenable.

If the jury thought there was a connivance between Jerome and the justice, the damages were not excessive.

On the whole, I am of opinion that a new trial should be denied.