###### IN THE

## SUPREME COURT OF JUDICATURE

###### OF THE

## STATE OF NEW-YORK,

###### IN OCTOBER TERM, 1832, IN THE FIFTY-SEVENTH YEAR OF OUR INDEPENDENCE.

---

## ROACH *vs.* COSINE.

Where a party executed an *absolute deed* of a lot of land, and it was agreed that the grantee should receive the rents, except of a small portion of the premises of which the grantor was to remain in possession for the term of two years free of rent, and that the grantee should re-convey on being re-paid, at any time during the two years, certain advances made by him, *it was held*, that the conveyance, though absolute in its terms, was in reality a mortgage, and that at the expiration of the two years the grantor could not be treated as a *tenant by sufferance*, and dispossessed under the statute allowing *summary proceedings*.

The jurisdiction of the *assistant justices* of the city of New-York under that act extends over the whole city, and is not limited to the wards for which they were appointed ; it is immaterial where the parties reside or the property is situated.

If there be a default of jurors on the return of a *venire*, the justice is authorized to issue a second venire, and so *toties quoties* until a jury appears.

A mortgagor cannot be turned out of possession of the mortgaged premises under the statute allowing *summary proceedings*.

*Parol evidence* that a deed absolute in its terms is in fact a mortgage is admissible.

A *certiorari* lies from this court to the *assistant justices* of the city of New-York, to remove proceedings had before them under the statute relative to *summary proceedings to recover the possession of land*.

Whether a *certiorari* in such case can be sued out of, and be made returnable in the *superior court of the city* of New-York, *quere*.

LANDLORD AND TENANT. Cosine instituted proceedings against Roach to remove him from certain premises in the

city of New-York, on the allegation that Roach was his tenant, and *held over* beyond his term without permission. The proceedings were had under the statute regulating *summary proceedings* to recover the possession of land ; they were instituted on the 13th April, 1831, before one of the *assistant justices* of the *first, second and third wards*. Roach objected to the *jurisdiction* of the justice, on the grounds that the premises were not situate in the first, second or third wards, and that neither of the parties resided therein. The objection was overruled. Roach made an affidavit denying that Cosine was the owner or landlord of the premises, and that he was the tenant of Cosine either by sufferance or at will, and alleging that he himself was the owner of the premises. Cosine had made affidavit that Roach was his tenant by sufferance or at will. It was further objected, on the part of Roach, that his affidavit putting the title to the premises in issue, the justice was thereby divested of jurisdiction. This objection was also overruled. The justice issued a *venire* for the summoning of a jury, at the return whereof a sufficient number of jurors not appearing, he issued a second venire, although it was objected by Roach that he had no authority to do so. Subsequently, there still being a default of jurors, he issued a third and fourth venire ; on the return of the last, the jurors appearing, the landlord proceeded to his proofs. Cosine produced a deed of a lot in New-York, executed to him by Roach, bearing date 24th October, 1827, the consideration of which deed was stated to be $350 ; and the conveyance was made *subject* to incumbrances specified therein, amounting to $3777, and Roach was shewn to be in possession of *part* of the premises conveyed. On the part of Roach, it was proved by *parol* that at the time of the conveyance Cosine paid a judgment against Roach for about $600, and agreed to pay other incumbrances, amounting in all to about $3900 ; that it was further agreed between the parties, that Roach should execute an *absolute conveyance* of the lot described in the deed to Cosine, who was to receive the rents, and that Roach should continue in possession of a part of the premises *free of rent* for the *term of two years;* that if at any time during that term Cosine was repaid his advances, he should re-convey the prem-

ises to Roach, or convey to a purchaser to be procured by him. This evidence was objected to on the part of Cosine, but the objection was overruled. The justice charged the jury that the deed produced by Cosine was in judgment of law a mortgage ; that Roach being a mortgagor in possession, and the fee remaining in him, he could not be considered the *tenant* of Cosine, and could not be proceeded against under the statute by virtue of which these proceedings had been instituted. The jury, notwithstanding, found a verdict for Cosine, and the justice issued a warrant to put him into possession of the premises. Roach sued out a certiorari returnable into this court.

*W. S. Sears & W. M. Price,* for plaintiff in error. 1. The justice had not jurisdiction, neither party residing, nor the premises being situated in the wards for which he was appointed a justice. 2 *R. L.* 379, § 103. *Laws of* 1820, *p.* 5, § 12. 2. The justice had no authority to issue a *second venire* in this case ; he has power to do so only in the case of the disagreement of a jury. 2 *R. S.* 511, § 35, 36, 38. 3. The *parol* evidence shewing the deed to be a mortgage was properly received, 2 *Cowen,* 324, 3 *Wendell,* 208 ; and consequently the relation of mortgagor and mortgagee, and not that of *landlord* and *tenant,* existing between the parties, the party claiming the possession was not entitled to the remedy adopted by him to oust the plaintiff in error. 5 *Wendell,* 282.

*W. A. Seely,* for defendant in error, insisted preliminarily ·that the *certiorari* in this case should have issued out of, and been made returnable in the *superior court* of the city of New-York, and in support of this objection, cited the act of the legislature organizing that court. 3 *R. S.* 428, and 2 *R. L.* 396, § 143. As to the points raised on the other side, he contended, 1. That the statutes first cited by the plaintiff in error related to *suits at law,* and not to *summary proceedings* like the present; 2. That the power of the justice to issue a *second venire* for the default of the jurors on the return of the first venire, was incidental and necessary, to the carrying the law into effect; and 3. That Roach had yielded the possession of the

ALBANY,
Oct. 1832.

Roach
v.
Cosine.

lot conveyed by him to Cosine, except of the small portion of which it had been agreed he should retain possession for two years; that period had expired, and the jury were well warranted in finding him to be a tenant by sufferance.

*By the Court,* SAVAGE, Ch. J. It is objected by the defendant in error preliminarily, that a certiorari in this case does not lie to the supreme court, but to the superior court of the city of New-York. The 24th section of the act of 1828, establishing the superior court, enacts that all writs of certiorari to the justices of the marine court and to the assistant justices of the said city, shall issue out of the superior court and be returnable therein in the same manner as was then practised in the supreme court, and that such writs should not thereafter issue out of, or be returnable in the supreme court. This section could only have reference to matters which were then cognizable before those courts, and removable by certiorari to the supreme court. Though the justices of the marine court and assistant justices had authority to execute the act of 1820, giving the landlord a summary remedy against his tenant in certain cases, yet that statute gave no authority to the supreme court to review those proceedings. It was by virtue of the common law powers of this court that certioraries were issued in such cases, and the legislature in establishing the superior court, did not confer on that court the common law powers of this court in reviewing the proceedings of inferior courts, being itself an inferior court. The certiorari then given to the superior court was the same which is now given to all the courts of common pleas to review the proceedings of justices in suits under the $50 act. But if the superior court had that power, the revised statutes being subsequent to the act of 1828, and having given the power to this court to award a certiorari for the purpose of examining any adjudication made on any application authorized by the statute in question, 2 *R. S.* 516, § 47, the jurisdiction of this court is placed beyond all question.

The plaintiff in error raises three points on which he relies for a reversal of the proceedings: 1. That the assistant justice had not jurisdiction, neither party residing nor the property being located in the wards for which he was appointed.

The answer to this objection is, that the proceeding before the assistant justice was by virtue of a special jurisdiction which imposes no limitation, and of course the jurisdiction of each justice is over the whole city. The revised statutes, 2 *R. S.* 510, § 18, declare that each justice of the marine court and assistant justice of the city of New-York, shall have the like powers and authority respecting forcible entries or forcible detainers in their respective cities or counties as are above given to judges of the county courts; and in page 512, § 28, any tenant or lessee at will or at sufferance, &c. may be removed in New-York by the mayor, recorder, any one of the aldermen, any special justice, any justice of the marine court, or any one of the assistant justices of the said city. The jurisdiction given to each of these officers is the same, and the present objection would have been equally appropriate and equally tenable had the proceedings been instituted before the mayor or recorder. This statute has no connection whatever with previous statutes, limiting the jurisdiction of the assistant justices to causes arising within certain districts of the city.

2. The second objection is not more tenable than the first. The officer must necessarily have the power of renewing the venire until a jury appears, otherwise there would be a failure of justice. It is a power incident to that of conducting an inquiry by means of a jury.

3. The main point below, and here, is, that the conveyance from Roach to Cosine, though absolute in its terms, was in reality a mortgage, as upon that depended the question whether the relation of landland and tenant existed between the parties. It was held by this court, in the case of *Evertson* v. *Sutton*, 5 *Wendell*, 281, that the act of 1820 authorized summary proceedings between those only who stood in the conventional relation of landlord and tenant, and not between those who became such by operation of law. The revised statutes have extended such authority to other cases, to wit, to a tenant who has been discharged under the insolvent law, or the act for the relief of his person from imprisonment; and to any person holding possession of real property after a sale of it upon execution and a title perfected under color of such sale. The statute gives this remedy against tenants at sufferance. A

tenant at sufferance is he who enters by lawful demise or title, and afterwards wrongfully continues in possession. *Woodfall*, 183. If the sale in this case was absolute, and Roach was to remain free of rent, or at a nominal rent for two years, and continued to hold afterwards without any new agreement, then he was tenant at sufferance ; but if the conveyance, though absolute in its terms, was in reality a mortgage, and so intended by the parties, then Roach remained the owner, notwithstanding the agreement that Cosine should receive the rents. There is no dispute about the facts. It was agreed between the parties that Cosine should advance a sum sufficient to pay off the incumbrances, about $3900, (Roach asserting that the property was worth $6000,) that Roach should execute a full and absolute conveyance to Cosine, who should receive the rent ; that Roach should continue in possession of a part of the back-building free of rent, or at a nominal rent, for the term of two years, and that if at any time during said two years, Roach repaid the sum advanced by Cosine, or procured a purchaser which he, Roach, was at liberty to do, then Cosine was to re-convey, either to Roach or the purchaser. In other words, Cosine lent Roach $3900, to be repaid in two years. Cosine had this property pledged for the repayment, and was to receive the rents in lieu of interest, Roach to pay no rent for the part he occupied himself. I need not cite cases to establish the proposition that this conveyance, though absolute in terms, was only a mortgage. As such it is to be treated, and Cosine has no remedy to enforce it which he would not have, had it been a mortgage in form.

It cannot be contended that the statute under which these proceedings were had was intended to afford an expeditious mode of foreclosing a mortgage. It was intended to apply to the cases of landlord and tenant strictly, and the other cases specified. It has often been said that a mortgagor, after forfeiture, is *quasi* tenant to the mortgagee ; but he is so only for the purpose of receiving notice to quit. 18 *Johns. R.* 488. 6 *Cowen*, 148, *and cases there cited.* He is not that kind of tenant who is to be dispossessed in the summary manner contemplated by this statute. That here was a verdict of a jury, forms no obstacle in the way of reversing these proceedings.

The magistrate stated the law correctly to the jury, and gave it as his opinion that Roach was mortgagor and the owner of the fee, and consequently not tenant to Cosine. The jury either intended to overrule the magistrate, upon the question of law, or they have found that the deed was absolute, without any condition ; and if so, their verdict is totally unsupported by evidence ; so that either way the verdict is wrong, and the proceedings must be reversed.