ARTEMAS L. and JOSEPH SIMS *vs.* HUMPHREY.

In a summary proceeding to recover the possession of land, the summons should be directed to all the parties proceeded against by name.

But where the proceeding was against two, both of whom were named in the affidavit, and the summons was directed to one of them "and any other person in possession of the premises," and both appeared before the officer, made affidavits and had a trial by jury, without objecting to the summons; *held* that it was sufficient.

To warrant a proceeding under this statute, (except in a case where land has been sold on execution,) the relation of landlord and tenant, created by a lease or demise of the property, must exist between the parties.

Accordingly, where the case made by the affidavit was, that the alleged tenant had in August, 1843, conveyed the premises to the party instituting the proceeding by a deed in fee containing the following clause : " possession of the said premises to be retained by the said party of the first part [the grantor] until April 1, 1844," and that he held over and continued in possession after the last mentioned time, though he had received a month's notice to quit; *held* that the facts did not constitute a tenancy within the statute, and that the officer had no jurisdiction.

LANDLORD and tenant. This was a summary proceeding to recover the possession of land, instituted by Humphrey against Artemas L. and Joseph Sims, before a judge of Madison county, on the 23d of May, 1844. Humphrey, in his affidavit, stated that Artemas L. Sims, on the 1st of August, 1843, for the consideration of $2100, executed to him, Humphrey, a deed (bargain and sale) in fee of the premises in question, which deed was set out at large in the affidavit. After describing the property, situate in the village of Cazenovia, Madison county, the deed contained these words—" possession of the said premises to be retained by the said party of the first part [Sims] until April 1, 1844." The affidavit then stated that A. L. Sims did not deliver the possession of the premises to Humphrey on the 1st of April, 1844; that A. L. Sims was in possession at the date of the deed, and that he, by himself, or his assigns or under tenants, held over and continued in possession of the premises, without the permission of Humphrey. It further appeared by affidavits, that on the 2d of April, 1844, Humphrey gave written notice to A. L. Sims to remove from the premises within one month. At the same time a like notice was given to

Joseph L. Sims, who is the farther of Artemas, and was then, with Artemas, in possession of the property.

The judge issued a summons, which was directed to Artemas L. Sims " *and any other person in possession* of the premises hereinafter described," &c. The summons was served on both Artemas and Joseph; and they both appeared before the judge in pursuance of the summons, made affidavits, and had a trial by jury. The jury found in favor of Humphrey; and the judge issued his warrant commanding the officer to remove all persons from the premises, and put Humphrey into possession. When Artemas and Joseph appeared before the judge, they moved to quash the summons on the ground that the affidavit of Humphrey gave the judge no jurisdiction. The motion was denied. The proceedings were removed into this court by *certiorari.*

*D. B. Noxon,* for Sims and Sims.

*S. T. Fairchild & S. Stevens,* for Humphrey.

*By the Court,* BRONSON, Ch. J. The summons should have been directed to Joseph, as well as Artemas L. Sims, by name. (*Hill* v. *Stocking,* 6 *Hill,* 314.) But the affidavits which were presented to the judge showed that Joseph, as well as Artemas, was in possession, and that a month's notice had been given him to remove. He was summoned, and appeared before the judge; and was heard upon the merits. This was. perhaps, enough to give the judge jurisdiction over the person, if he had jurisdiction of the subject matter. Joseph did not object to the sufficiency of the summons; but only to the affidavits; and in them he was named, as well as Artemas.

With the exception of the case of lands sold on execution, the statutes under which these proceedings were had only extend to cases where the relation of landlord and tenant exists, or has existed, between the parties, or between those under whom they hold. The persons to be removed are, " any *tenant* or *lessee,*" or his assigns, &c. who " shall hold over and

continue in possession of the *demised premises,* or any part thereof, after the expiration of his *term,* without the permission of the *landlord ;*" or who shall " hold over, without such permission as aforesaid, after any default in the payment of *rent."* And the person authorized to institute proceedings, is, " any *landlord* or *lessor,* his legal representatives," &c.   (2 *R. S.* 512, § 28 *to* 32.)   Another statute provides, that " wherever there is a *tenancy* at will, or by sufferance, created by the *tenant's* holding over his *term,* or otherwise, the same may be terminated by the *landlord's* giving one month's notice in writing to the *tenant,* requiring him to remove."   After the expiration of the month, the *landlord* may re-enter, or proceed under the first mentioned statute.   (1 *R. S.* 745, § 7 *to* 9.)   I see nothing to induce the supposition that the legislature intended to include cases where the relation of lessor and lessee has never existed between the parties.   In *Evertson* v. *Sutton,* (5 *Wend.* 281,) the owner of the premises agreed to deliver possession to the mortgagee within 45 days ; and it was held that the mortgagee could not rightfully obtain the possession under the act of 1820, which, so far as relates to this question, was substantially like the present statute.   Savage, Ch. J., after speaking of *quasi* tenancies, said the statute was designed to afford a speedy remedy where the *conventional* relation of landlord and tenant existed, and not where that relation was created by operation of law.   In *Roach* v. *Cosine,* (9 *Wend.* 227,) the same rule was followed under the present statute, which, Savage, Ch. J. said, was intended to apply to the cases of landlord and tenant strictly.   *Hunt* v. *Comstock,* (15 *Wend.* 665,) does not conflict with this doctrine ; for in that case it was held that there was a lease, and the technical relation of landlord and tenant.

It is a doctrine of the common law that all lands, save those belonging to the king or sovereign power, are held of some superior, or lord ; and hence we have the name of landlord, and the person who holds is called a tenant.   In this general sense, every man who holds lands, though he may be the owner in fee simple, and may owe neither fealty nor service to

Sims v. Humphrey.

any one, is said to be a tenant. And when the occupant holds in subordination to the title of another, he is sometimes said to be the tenant, or *quasi* tenant, of the owner, although there never was any agreement between them in relation to the possession. Such is the case where one aliens his land in fee, and still continues in possession; and where the land is sold on execution, or by virtue of the power of sale in a mortgage. But I think it clear that that branch of the statute which we are considering only extends to cases where the relation of landlord and tenant has been created by a lease or demise of the property. A subsequent clause provides in express terms for one of the *quasi* tenancies which have been mentioned, to wit, the case of a sale on execution; which shows that the legislature did not intend to include that, or any other case of the like kind, under what had before been said in relation to tenants or lessees holding over.

It is said that the clause in the deed of Sims in relation to the possession of the property until the first of April, constituted him a tenant for part of a year; and after the day had passed he was a tenant at sufferance, and so subject to removal by this summary proceeding. But the clause in question could only operate by way of exception. The possession from the date of the deed to the first of April was not granted. Sims held during that period by virtue of his original title; and not under any grant or demise from Humphrey. After the first of April, it was the case of a grantor in possession after he had parted with all his title. If that made him a tenant at sufferance to the grantee, (2 *Black. Com.* 150; *Co. Lit.* 57, *b.; Patridge* v. *Bere*, 5 *Barn. & Ald.* 604; *Hyatt* v. *Wood*, 4 *John.* 156; *Rowan* v. *Lytle*, 11 *Wend.* 618; *Kinsley* v. *Ames*, 2 *Met.* 29; 4 *Kent*, 116,) still, as the relation of lessor and lessee had never existed between the parties, the case did not come within the statute. We think the judge had no jurisdiction.

Proceedings reversed, with costs.