## WILLIAM CARLISLE *v.* CATHARINE McCALL and others.

In summary proceedings to recover possession of demised premises, the evidence showed that defendants entered upon the premises immediately before the expiration of the term of plaintiff's tenant; but the tenant testified positively that she never gave defendants permission to come in, nor sold nor assigned her lease to them; that they came in as she was moving out, claiming that the premises were theirs.

*Held*, that, upon the evidence, the entry was under a claim of title hostile to plaintiff, and not under his demise; and that there was, therefore, no relation of landlord and tenant between the plaintiff and defendants which could support summary proceedings. (BRADY, J., *dissented.*)

A justice of the district court has jurisdiction of summary proceedings to obtain possession of demised premises within the city and county of New York, although neither of the parties reside and the premises are not situated within the district for which such justice is elected. *Per* BRADY, J.

On the trial of an issue joined in summary proceedings to recover possession of demised premises, the evidence was closed upon both sides, and the cause submitted, with the single reservation of leave to put in written points, and, after adjournment, the counsel for the landlord applied to the justice to discontinue the proceeding. No decision in the cause was ever rendered by the justice.

*Held*, that this proceeding was no bar to a subsequent one, although between the same parties and involving the same questions.

APPEAL from the judgment of the justice of the Fourth District Court, in summary proceedings to recover possession of land. The affidavit of William Carlisle, on which the proceedings before the justice were based, stated that he was owner of the premises claimed (the back basement room of the house 47

Troy street, in New York city); that he rented them to Elizabeth Markey for one month; that, during that term, Catharine McCall, Jane McCall and Richard Carlisle entered on the premises under Markey, and she,. as deponent was informed and believed, demised the same to them; that the term had expired, but the McCalls and Carlisle continued in possession without deponent's permission.

The defendants filed an affidavit, denying that they entered on the premises under Markey, and denying that the claimant was owner of the premises, or that the defendants were his tenants; and averring that Catharine and Jane McCall were owners of the premises in their own right, and were entitled to the possession, and entered as owners and not otherwise.

On the trial before the justice, the defendants added to their answer the allegation that the same question had been previously tried before the same justice, and he had given judgment thereon.

They then moved to dismiss the proceedings for want of jurisdiction, on the ground that the premises claimed were not within the justice's district, and neither of the parties resided within the district. This motion was denied.

The plaintiff proved the letting to Elizabeth Markey, by the testimony of Margaret Carlisle, and rested. The defendants then moved to dismiss the proceeding, on the ground that there was no evidence that they entered under Mrs. Markey. This motion was denied.

They then introduced evidence of former proceedings of the same nature, between the same parties, and involving the same questions. It appeared, however, that after the former case had been heard and submitted, excepting leave reserved to submit written points, the proceedings were discontinued and no decision was ever rendered.

They then called as a witness Elizabeth Markey, who testified that she never sold or assigned the lease, and never gave defendants any permission to come in. They came in as she was moving out, saying that the place was theirs.

The defendants called William Carlisle and Richard Carlisle, but the justice excluded them as incompetent. They also offered evidence of title in the McCalls, but this was also excluded.

The justice rendered judgment for the plaintiff, that he have possession of the premises, and that a warrant issue to put him in possession. The defendants appealed from this judgment.

*C. N. Potter*, for the appellants. .

I. The ruling of the justice, upon the motion to dismiss for want of jurisdiction, was clearly erroneous. The landlord's affidavit must show that the relation of landlord and tenant exists. *Benjamin* v. *Benjamin*, 1 Seld. 387. And his affidavit cannot be aided by intendment. *Prindle* v. *Anderson*, 19 Wend. 395; *Farrington* v. *Morgan*, 20 Wend. 209.

. II. The testimony of the landlord wholly failed to show that such relationship in fact existed. No implied or constructive tenancy can be raised in aid of these proceedings. *Benjamin* v. *Benjamin*, 1 Seld. 383 ; *Roach* v. *Cozine*, 9 Wend. 227 ; *Syms* v. *Humphrey*, 4 Den. 186.

III. The testimony of the appellants showed that they entered either legally as heirs, or illegally by forcible entry and detainer; and the respondent's remedy was either ejectment or summary proceedings for forcible entry and detainer.

IV. The former proceedings were a bar. The statute does not allow a withdrawal of the case, but only provides for a "final decision." 2 Rev. Stat., 4th ed., 759 ; Laws of 1849, ch. 193, § 5. If these proceedings may be discontinued, it must be before the cause is submitted for advisement. 2 Cow. Tr. 334 ; *Elwell* v. *McQueen*, 10 Wend. 519 ; *Heas* v. *Beekman*, 11 Johns. 457. Here it appeared that the cause was only kept open to receive points. Then it was closed for all other purposes—for a motion to discontinue included.

V. The refusal of the justice to permit the examination of William and Richard Carlisle was erroneous. There can be no reason why the trial should not be governed by the ordinary

rules of evidence. The statute conferring jurisdiction does not except these proceedings from those rules.

*H. P. Fessenden*, for the respondents.

I. It is true that the landlord's affidavit must show that the relation of landlord and tenant exists, or existed, and that it arose *out of* contract; but it is not true that the contract must be between the landlord and the present tenant directly. On the contrary, a sub-tenant, or one who comes in by arrangement of any kind, or collusion, with the original tenant, is just as much the tenant, and the tenant by contract, of the landlord, as the original tenant himself; that is, at the landlord's option. 2 R. S. 412 (marg. pag.), § 28, as amended by Laws of 1849, ch. 193, p. 291 ; *Birdsall* v. *Phillips*, 17 Wend. 472, 473. Where there is a lease, a third person, found in possession of the premises, is presumed, *prima facie*, to be assignee of the term. *Williams* v. *Woodard*, 2 Wend. 487, 492, 493 ; *Acker* v. *Wetherell*, 4 Hill, 112, 116; *Stewart* v. *Roderick*, 4 Watts & S. 188. Nor is the landlord's affidavit to be construed with any special strictness, but rather with liberality. *Lynde* v. *Noble*, 20 Johns. 80, 82 ; *Gardner* v. *Keteltas*, 3 Hill, 332.

II. The evidence showed facts from which the justice might well infer, as he did infer, that the defendants came in by arrangement with the first tenant, and so became tenants as much as she was. One who comes into lands under another can set up no title which the first could not. *Jackson* v. *Harder*, 4 Johns. 202, 210, 211, 212 ; *Jackson* v. *Davis*, 5 Cowen, 129, 130 ; *Rankin* v. *Ten Brook*, 4 Watts, 386, 388; *Graham* v. *Moore*, 4 Serg. & R. 467, 472.

III. The landlord, doubtless, might have brought ejectment, and so he may in every case where summary proceedings are proper. He had no remedy as for a forcible entry and detainer, for no force on the appellants' part is shown ; nor was he bound to proceed as for a forcible detainer, if only the appellants could be regarded as his tenants. All summary proceedings are a substitute for ejectment. *Lynde* v. *Noble*, 20 Johns. 80, 82 ; *Birdsall* v. *Phillips*, 17 Wend. 472, 473.

IV. The former proceedings were not submitted or closed, nor were they pending. They were properly discontinued. There is no prohibition on a landlord to discontinue summary proceedings at any time before a decision has been made; and it is a natural incident to every proceeding. In *Ogsbury* v. *La Farge* (2 Coms. 113) there was nothing more for the parties to do, and there had been a decree dismissing the complaint.

V. The Code, which alone allows the examination of adverse parties and co-defendants, has no application to these summary proceedings, but expressly excludes them from its scope. Code, § 471; 2 R. S. 511 (marg. pag.)

DALY, J.—The foundation for this proceeding was the demise from the plaintiff to Mrs. Markey, and unless the evidence will support a finding, on the part of the justice, that the defendants' possession was under that demise, the judgment was erroneous. As the defendants entered while Mrs. Markey was in possession and before the expiration of the month for which she had paid rent, the legal presumption might be that they remained in possession after she left, as her assignee. But that presumption is destroyed by her positive statement that she never gave them permission to come in, or sold or assigned her lease to them; that she did not want to stay in the premises, and that they came in as she was moving out, claiming that the place was theirs; that she did not forbid them from coming in, because she thought that she had no right to forbid their coming into their own house. The entry and possession of the defendants, therefore, was under a claim of title hostile to the plaintiff, and not under or by virtue of his demise. As Mrs. Markey was leaving, they entered, claiming that the premises were theirs. When they entered, she had the right to the possession until the expiration of the month; and, as between her and the landlord, he had the right to possession after that time, as she gave up the premises. As the defendants claimed that the premises were theirs when they entered, that claim was as hostile to the right of possession she had under the demise as it was hostile to any claim the

plaintiff might have thereafter; nor did her acquiescing in their right to enter and take possession make it the less so, or render them her assignee. The nature of their entry admitted neither title in her nor in her landlord, but was a claim of title and a right of possession not derived from, growing out of, or flowing from the demise by the plaintiff to her. Upon this evidence, the justice could not assume that, the relation of landlord and tenant subsisted between the defendants and the plaintiff; and, if it did not, there was no foundation for the proceeding. If they were intruders, holding the possession without right, the only remedy of the plaintiff was by an action of ejectment, the entry of the defendants not having been accompanied by any force to warrant the institution of proceedings for forcible entry and detainer

The judgment should be set aside.

INGRAHAM, FIRST JUDGE.—I concur with Judge Daly, in the opinion that the evidence did not warrant the justice in finding that the defendant was holding the possession under the tenant, or that there was any privity which warranted this proceeding against the defendants to obtain possession of the premises.

The presumption of law that the defendants were the assignees of the tenant was rebutted by positive evidence.

I concede that there is great hardship in a landlord being compelled to resort to an action to obtain possession of his premises from an intruder; but if the laws give no authority to remove him in such a case, the remedy is with the legislature, and not the courts.

The decision of the justice should be reversed.

BRADY, J. (dissenting).—The first objection taken before the justice, and upon which the defendants moved to dismiss the proceedings, was, that the premises not being within the district for which the justice was elected, he had no jurisdiction. That objection was not urged on the appeal, and it may not be necessary to notice it; but it was not well taken, because the jurisdiction of the justice in these proceedings is co-extensive with

the city and county of New York. *Roach* v. *Cozine,* 9 Wendell, 227.

The next objection taken, and upon which a motion was also made to dismiss the proceedings, was, that there was no evidence that the defendants entered under Mrs. Markey, the plaintiff's lessee. It is true that these proceedings cannot be entertained unless the relation of landlord and tenant exists (*Evertson* v. *Sutton,* 5 Wend. 281; *Roach* v. *Cozine,* 9 ibid. 227; *Sims* v. *Humphrey,* 4 Denio, 185; *Benjamin* v. *Benjamin,* 1 Selden, 387); but when that is once established, it attaches to all who succeed to the possession during the demise, whether as undertenant or as assignee. See opinion of Justice Sutherland, in *Jackson* v. *Davis,* 5 Cowen, 129, and *Jackson* v. *Miller,* 6 Wend 233. There was no objection to the sufficiency of the affidavit on which the summons was issued, made before the justice, and the only one stated by the appellants, in the argument submitted by them, is, that the affidavit did not aver any privity between the *landlord* and the appellants. It was not necessary that it should. The proceedings were not founded upon the relation of landlord and tenant between the appellants and the respondent, but between Mrs. Markey and the respondent, which gave him the right, as suggested, to remove all persons who claimed under her. There can be no doubt about this, the statute providing for such a state of things in express terms. A tenant for any part of a year, and the assigns, under-tenant or legal representatives of such tenant, may be proceeded against and removed in the cases enumerated. 2 Rev. Stat., 4th ed., 756. The affidavit alleges that the appellants entered upon the premises under Mrs. Markey, and on information and belief that Mrs. Markey demised the same to them. The possession of the premises was not denied, although it was claimed to have been taken under title, and not under Mrs. Markey; but the respondent proved the letting to Mrs. Markey, and the possession of the appellants, by the witness Margaret Carlisle. This did not establish that they were the under-tenants of Mrs. Markey, but created a presumption of law that they were her assignees. *Wil-*

*liams* v. *Woodward*, 2 Wend. 487–492 ; *Acker* v. *Wetherell*, 4 Hill, 116. The decisions are not uniform, to the effect that the statute on which these proceedings are founded should be strictly construed. In *Lynde* v. *Noble* (20 Johns. 82) and in *Gardner* v. *Keteltas* (3 Hill, 332) it is said, by Justices Woodworth and Nelson, that it is a remedial act, and must be construed liberally to carry into effect the intent, by suppressing the mischief and advancing the remedy, where tenants hold over. Whatever may be the rule of construction adopted, it will not repudiate the application, to these proceedings, of the legal presumptions arising from facts proved. The relation of landlord and tenant must be shown, it is true, and cannot arise by operation of law, except in the case mentioned in the statute ; but when that is established, then the courts will favor the practical operation of the act under consideration, at least, by the application of the rules of evidence. It is also true that the presumption suggested in an action to recover rent, or upon the lease, might be rebutted by proof that the appellants were under-tenants. 2 Phil. Ev. 159 (Cowen & Hill's Notes, ed. 1839) ; *Williams* v. *Woodward, supra.* But in these proceedings, to recover possession on the ground that the tenant holds over after the expiration of the term demised, it is wholly immaterial whether the parties in possession are under-tenants or assignees, provided they enter while the tenant is in possession of the premises. The proceeding is against the tenant, but the remedy extends to his under-tenant, assigns, legal representatives, and *all persons in possession of the premises.* The first subdivision of section 32 provides that the summons shall be served on the *tenant* to whom it shall be directed ; and subdivision two, that if such tenant be absent from his last or usual place of residence, by leaving a copy thereof at such place, with some person of mature age residing on the premises. These provisions contemplate a proceeding against the tenant, and such may be said of section 29, providing for the oath, in writing, of the facts to give jurisdiction. Section 33 prescribes the form of the warrant, and commands the person to whom it is issued to remove *all persons* from the premises, and to put the applicant *in*

*possession* thereof. It is not confined to the persons named in it, and very properly, founded, as it is, upon the landlord's right of possession, duly adjudged. If the persons in possession are neither under-tenants, assignees, nor legal representatives, they are not, upon a strict construction of this statute, entitled to notice of the proceedings; and if they are, their having received notice, they must abide the result of the issue between the landlord and the tenant. Going into possession under the latter is conclusive upon them in these proceedings, and that fact creates a presumption *that cannot be rebutted.* They hold in subordination to the relative rights and obligations of the landlord and tenant. If they have any right derived from the tenant, it must fail to avail them when the sources of their title are exhausted.

The tenant, though he may have an interest in the premises, cannot deny his landlord's title; and those claiming under, or who follow, or unite with him in the possession, must be subjected to the laws which govern the relation of the original parties. Suppose, for example, that "A" rented a house to "B," and "C" hired from "B" lodgings and apartments with board, and, when the term of "B" expired, refused to quit the apartments hired, although "B" gave up the rest of the premises to the landlord. "C" would not be the tenant of "B." The relation of landlord and tenant would not exist between them (*Wilson* v. *Martin*, 1 Denio, 602), and unless presumed to be the assignee of "B," from possession alone, could not be removed if it be held that none but under-tenants, assigns, or legal representatives can be proceeded against, and not then successfully, if he were permitted to rebut that presumption, and to prove the incident of his possession. Where, however, the tenant, upon the expiration of his term, vacates the premises, and, before the landlord resumes actual possession, a person enters, these proceedings could not be adopted against him. There would then be no relation of landlord and tenant, and no privity of contract by which he could be affected. He would be neither the under-tenant, assignee, nor legal representative of the tenant, and the landlord would be driven to his action for relief. It is true, that *any person* in pos-

session, or claiming possession, may, at the time appointed for showing cause, or before, file an affidavit denying the facts, or any of them, alleged in the affidavit of the landlord, whether under-tenants, assigns, legal representatives or not. It is true, also, the Supreme Court, *per* Justice Bronson, in *Hill* v. *Stocking*, (6 Hill, 316), and *Sims* v. *Humphrey* (4 Denio, 185), has declared that when the proceeding is not to remove the lessee, he not being in possession, the party in possession must be named, and his relation to the *landlord* shown. I do not understand that case to conflict with the views herein expressed. The relation of the appellants to the respondent was shown, and the summons directed to them by name. The provisions of the statute are all in harmony with the construction, that it is a proceeding between landlord and tenant by demise; and not one to determine vexed titles, or questions of title, and that such relation, once established, attaches during the term to all who occupy the premises, either conjointly with the tenant or by his sufferance, or enter into the possession thereof with him during his term and possession, under claim or color of title or otherwise.

Any person in possession may, by appearing, protect himself against the allegation, either that the rent is due or the term expired. He has an interest in the possession which he may wish to maintain, and may put the landlord to the proof of the facts named. He may also deny that the applicant is the landlord as alleged, by showing that the tenant hired from some other person, or deny that the person named as the tenant is in fact the tenant, and show that the premises were let to some other person. If a rule contrary to the one here presented prevails, then any person who enters during the term, not as assignee, and not as under-tenant, although by collusion with the tenant, cannot be ejected, notwithstanding that the tenant himself has abandoned or quitted the premises in deference to the landlord's title and right. I do not believe such to be the law. Here the proof is, that the appellants entered while Mrs. Markey was in possession, and without opposition or objection from her; and it was sufficient to entitle the respondent to possession of the premises. The motion to

Carlisle v. McCall.

dismiss, secondly made, was therefore properly denied, and for these reasons the offer to show title in the appellants was properly excluded.

By section 471 of the Code of Procedure, the provisions of that act are excepted from any application to these proceedings, and the respondent was not obliged to submit to an examination. For the same reason, and the additional one that he was proved to be in possession, Richard Carlisle was also properly excluded. Whether he was in fact in possession, the whole testimony being conflicting on that subject, was a matter of fact to be decided, and he was therefore a party to the record, and could not be examined for his co-defendant or himself.

There is nothing in the objection that a proceeding, similar to the one under consideration, was formerly had before the justice. It was discontinued, and no judgment by the justice ever announced or made. There was no decision of the cause.

Though a suit be tried on its merits before a justice, and submitted for his decision, yet if he omit to render judgment therein, the proceeding will form no bar to a second action for the same cause. *Young* v. *Rummell*, 5 Hill, 60. There is nothing in the statute to prevent the applicant from discontinuing the proceedings at any time before a judgment. The cases cited by the appellants show that a cause being submitted, the justice has no power to enter a judgment of nonsuit. Here there was no finding of any kind, and no judgment. The plaintiff, in an action prior to the Code of Procedure, and down to the adoption of the 47th rule of the late Supreme Court in 1845, might refuse to answer when the jury returned to the bar to render their verdict, and be nonsuited. That rule of the Supreme Court cannot be held to apply to summary proceedings to recover the possession of land. I think the judgment should be affirmed.

Judgment reversed.