THE PEOPLE OF THE STATE OF NEW YORK ex rel. ADAM AINSLEE *v.* ALFRED A. HOWLETT and others.

*Summary proceedings — what defense may be set up by tenant — That lease was in fact a mortgage — that it was void for usury — how proved.*

In summary proceedings instituted to remove the relator from certain premises, on the ground that he was holding over after the expiration of his term, he made an affidavit stating that on the day on which the respondent alleged that the lease was made he executed and delivered to the respondent an absolute deed of the premises, and he and the respondent executed an agreement by which he agreed to buy the premises for a price therein named, to be paid on the day the lease expired, and also executed the lease upon which the proceedings were instituted; that said instruments were all given at the same time to secure the repayment of a sum of money loaned to him by the respondent, and were in fact a mortgage; that upon the said loan usurious interest was reserved, the payment of which was secured by the said lease.

*Held,* that it was competent for the relator to establish in such proceedings, that the instrument purporting to create the relation of landlord and tenant between himself and the respondent was in fact a mortgage to secure the repayment of a loan.

That it was also competent to show that such instrument was given to secure a usurious loan, and was therefore void.

That the establishment of either of these facts would require the proceedings to be decided in his favor.

*Semble,* that in summary proceedings it would not be competent to establish by parol evidence, that a deed absolute upon its face was intended as a mortgage.

Where, however, the affidavit does not specify the kind of evidence by which it is expected to establish this fact, it must be presumed that it will be proved by competent evidence.

CERTIORARI to review proceedings instituted before the county judge of Onondaga county, under the landlord and tenant act, to remove the relator from certain premises on the ground that he was holding over after the expiration of his term.

*Fuller & Vann,* for the relator.

*D. Pratt,* for the respondent.

TALCOTT, J.:

This is a writ of *certiorari,* under the landlord and tenant act, to remove proceedings had under that act before the county judge of Onondaga county. By the return it appears that the affidavit of the respondent, who claimed to be the landlord of the relator, was in due form, and that the county judge issued his summons, which was duly served on the relator, who appeared before the county judge on the return thereof.

The affidavit of the respondent on which the county judge issued the summons stated that on the 15th of May, 1876, the respondents let unto the said Adam Ainslee certain premises therein described, consisting of a farm in the town of Dewitt, from May 15, 1876, to the 1st day of April, 1877; that the said term has expired and that said Ainslee holds over and continues in the possession of the premises without the permission of the respondents, his landlords. At the return of the summons the relator Ainslee appeared and inter-

posed his affidavit to the effect that on the 15th of May, 1876, in order to secure a loan then made to him by the repondents he executed and delivered to them a certain instrument in writing, of which a copy is annexed (and which, upon examination, appears to be in form an absolute deed from Ainslee and wife, to the respondents, of the premises in question with covenant of warranty), and that the respondents at the same time executed and delivered to him, Ainslee, under their hands and seals, a written instrument, a copy of which is also set forth as Exhibit B, and at the same time the respondents executed and delivered to him a certain other instrument, also set forth as Exhibit C. The said instrument set forth as Exhibit B appears to be an executory contract made by the respondents of the first part and said Ainslee of the second part to sell and convey to said Ainslee in fee simple, with covenants of warranty, the same premises, and contains a covenant on the part of Ainslee to purchase the same, and pay, and secure to be paid, therefor on or before the 1st day of April, 1877, the sum of $16,600, with a further covenant on the part of Ainslee " that in case the said party of the second part has possession of said premises before the execution and delivery of said deed, and in case of his failure to perform any of the covenants herein contained, he will quietly yield up and deliver peaceable possession of said premises that the party of the first part may, immediately after such failure, re-enter and take possession of the same without any previous notice to quit in reference to any legal proceedings to recover possession thereof."

Exhibit C, referred to in said affidavit, purports to be a lease of the same premises from the respondents of the first part to said Ainslee of the second part, from the day of the date of the lease, 15th day of May, 1876, to the 1st day of April, 1877, at the rent of $1,209.82, to be paid at the expiration of the said term, and containing a covenant on the part of Ainslee to pay said rent and to pay the taxes assessed on the premises during the term, and contains the usual clause of re-entry and a covenant on the part of Ainslee to quietly yield the possession of the premises at the expiration of the term.

The affidavit of Ainslee, after setting forth these papers, proceeds to say that the deponent denies each and every allegation and statement in the affidavit of the respondents on which the summons was

issued, not hereinbefore specifically admitted. The admission is, therefore, of the execution of the said papers. The affidavit then proceeds to state that all of said instruments A, B and C, were part of one and the same transaction, and all were simply designed as security for a loan from the respondents to Ainslee. That in the month of May, 1876, Ainslee, being in need, applied to the respondents for a loan of $5,600; that they agreed to make the loan until April 1, 1877, and that Ainslee agreed to pay them the sum of $500 over and above the lawful interest for the use and forbearance of said sum from the 15th day of May, 1876, to the 1st day of April, 1877; and that the said instruments A, B and C were executed as security for said usurious loan; that it was agreed between them that the $500 excess of interest should be taken in the name of and under cover of rent; and that said instruments A, B and C, and particularly the lease, were executed and delivered to conceal the usury in said loan; and that said Ainslee has been in the constant possession of the premises described in the affidavit on which the summons was issued, for about forty-six years last past, and that the respondents never have been in possession of the same, or any part thereof; that the deed and lease were collateral to the loan of the money, and were simply a mortgage in fact, and were so intended by the parties thereto. The affidavit of Ainslee also contains certain further particulars and allegations unnecessary on this occasion to refer to. The county judge held that the affidavit of Ainslee did not show any cause to the contrary, and thereupon issued his warrant of possession, as in case of no cause being shown by the tenant.

The first question which arises on this return is, whether the fact that the instruments, namely, the conveyance from Ainslee and wife, the contract of sale and the lease, may be shown to be, in fact, a mortgage as security for a loan, and then that the actual relation of landlord and tenant did not exist between the parties; and for this purpose the allegations of Ainslee's affidavit must be taken as true. The effect of that affidavit, taken all together, is that the three papers referred to, instead of being actually intended to be what they purport to be on their face, were, in fact, intended as security for a loan in the nature of a mortgage; presenting the precise case presented in *Roach* v. *Cosine* (9 Wend., 227), where the

alleged tenant was permitted to show by parol that a similar arrangement under which he held possession of the premises was, in fact, only intended as security for a loan.    The case of *Roach* v. *Cosine* came up on *certiorari* to remove summary proceedings under the landlord and tenant act, and in that case, although the jury had found a verdict for the landlord, the proceedings were reversed. The court, Savage, J., saying : " If, in this case, the sale was absolute, and Roach was to remain in, free of rent or at a nominal rent, for two years, and continue to hold afterwards without any new agreement, he was a tenant at sufferance ; but if the conveyance, though absolute in its terms, was in reality a mortgage, and so intended by the parties, then Roach remained the owner, notwithstanding the agreement that Cosine should receive the rent.   *   *   * I need not cite cases to establish the proposition that this conveyance, though absolute in its terms, was only a mortgage ; as such it is to be treated, and Cosine has no remedy to enforce it, which he would not have had, had it been a mortgage in form.    It cannot be contended that the statute under which these proceedings were had, was intended to afford an expeditious mode of foreclosing a mortgage."

In one respect, and in one only, the case of *Roach* v. *Cosine* may be considered to have been overruled ; that is in reference to proving by parol at law, that an absolute deed was intended only as a mortgage, for it was subsequently held by the Court of Errors, in *Webb* v. *Rice* (6 Hill, 219), that parol evidence is not admissible in a court of law, to show that a deed absolute in form was intended as a mortgage, and it may be doubtful, therefore, whether in these summary proceedings, parol evidence could be resorted to for that purpose.    Since the Code, it is held, that inasmuch as it provides that the defendant may set up any defense in an action, whether such defense was theretofore a legal or equitable defense, that the same rule of evidence that prevails in equity, in regard to showing that a deed absolute in form was intended as a mortgage, also prevails in regard to such defenses. (*Crary* v. *Goodman*, 12 N. Y., 266 ; *Despard* v. *Walbridge*, 15 id., 374.)    But these summary proceedings under the landlord and tenant act, are expressly exempted from the operation of the Code of Procedure, by section 471. (See *Benjamin* v. *Benjamin*, 5 N Y., 383.)    It may be doubtful, therefore, to say the least whether, in the summary proceedings,

parol evidence can now be given to turn an absolute deed into a mortgage, but it is to be observed that the affidavit of Ainslee does not specify the kind of evidence by which he expects to show the facts which he avers, and the presumption must be that they can be shown by some evidence which is competent for this purpose.

Again, the affidavit denies all allegations contained in the affidavit on which the summons was issued, except the fact of the execution of the deed, the contract for the conveyance and the lease; and he alleges, that although the lease was in form executed, still it was intended to secure a usurious rate of interest, which was to be secured in the lease under the name and cover of rent. He, in substance, denies that he holds of the respondents, except by virtue of the execution of this usurious lease; he alleges that the respondents are not his landlords, and that though such a paper is in existence, purporting to have been duly executed, it is void for usury. There is no rule of law or equity which prevents usury or a usurious device being shown by parol, and if it be true that the lease is a usurious device, it is void at law. The parties to it are not bound and we do not see how the supposed landlords are to maintain these proceedings, if it be true that the supposed relation of landlord and tenant is created only by an instrument which is void as against the supposed tenant. The conventional relation of landlord and tenant does not exist between the parties in such a case, and the facts averred in the answer amount to a denial of the existence of the relation. We think the county judge erred in holding that there was nothing in the affidavit of the relator which traversed the affidavits of the respondents, and that he should have summoned a jury in pursuance of the statute. As a consequence, the proceedings before the county judge must be reversed, and as in this case the county judge has issued a warrant of possession in behalf of the respondents, it is a case requiring restitution under the statute.

Proceedings before county judge reversed, and restitution of the premises described in the warrant of possession ordered, with costs to the relator.

MULLIN, P. J., concurs in result; SMITH, J., does not vote.

Ordered accordingly.