## JOHN ROBELLO *vs.* WONG QUING.

### APPEAL FROM POLICE COURT.

### JANUARY TERM, 1884.

JUDD, C. J., McCULLY and AUSTIN, JJ.

The statute as to summary possession of land applies only where the relation of landlord and tenant exists.

*Kaaihue vs. Crabbe,* 3 Hawn. 776, and *Coney vs. Manele,* 4 Hawn. 154, approved.

Where a lease was made subject to a mortgage, and conditioned to be annulled on a foreclosure sale of the land: the vendee at foreclosure sale may bring the statutory proceeding for summary possession against the lessee.

It is too late to dismiss a case, on appeal, for defect in the summons, when no notice was taken of the defect in the lower court.

OPINION OF THE COURT, PER JUDD, C. J.

THIS is an appeal by the defendant to the Supreme Court in Banco, on a point of law, from a judgment in the Police Court of Honolulu.

The action purports to be brought in pursuance of the Statute entitled "Of summary proceedings to recover possession of land in certain cases." Civil Code, Art. 40, and amendment in 1864.

There is in evidence a mortgage upon certain premises on Liliha street, in Honolulu, dated 29th July, 1881, executed by Naukana (w.) and David Kanae, her husband, to one Maria Lowrey, securing the payment of $500 and interest, in two years from date.

Also a lease of the same premises from the said mortgagors to Wong Quing (defendant), dated March 20, 1882, for ten years from date, at the annual rental of $65, by which the lessee covenants to pay the rent at Mr. W: R. Castle's office until the mortgage is paid. The inference would be that Mr. Castle represented the mortgagee. There is also the following covenant: "This lease is made subject to the aforesaid mortgage, and if the land should be sold upon foreclosure of the mortgage, then this lease can be annulled."

There is in evidence, further, a deed dated 24th September, 1883, from F. C. Lowrey, describing himself as heir of Maria Lowrey, the mortgagee first mentioned, to John Robello (plaintiff), conveying to him upon foreclosure all the interest which he possessed by the mortgage.

The defendant urges that there is no relation of landlord and tenant existing between him and the plaintiff, and that therefore the statutory proceeding to dispossess a tenant does not apply. He claims that if the plaintiff, as the mortgagor's assignee, adopts the lease, then he is bound by it, and as the lease has not expired, the defendant is entitled to judgment. And if the plaintiff claims the lease to be void as being subsequent to the mortgage, then there is no relation or tenancy between the parties, and the defendant is a trespasser.

This Court held in *Kaaihue vs. Crabbe,* 3 Hawn. 776, that the statute we are now considering applies " only where the relation of landlord and tenant confessedly exists." This was affirmed in *Coney vs. Munele,* 4 Hawn., 154.

In Taylor's Landlord and Tenant, Sec. 720, the author says, in discussing a similar statute, in New York State : "This statute applies to cases where the conventional relation of landlord and tenant subsists, and not where it is created by operation of law. Therefore a mortgagor cannot be turned out of possession of the mortgaged premises under this statute."

In *Everston vs. Sutton,* 5 Wend., 281, Savage, C. J., says : " This statute is applicable between landlord and tenant only. No such relation existed between J. and T. ; the whole proceedings, therefore, from beginning to end, have been without jurisdiction and void.

"The Statute was clearly designed to afford a speedy remedy where the conventional relation of landlord and tenant existed and not where that relation is created by operation of law. The Legislature never intended that the mortgagee should have a right to proceed under this Statute to obtain possession of the mortgaged premises after forfeiture."

This is undoubtedly good law. But the relation of landlord and tenant in the matter before us is not created by operation of law, as in the case of a mortgagor and mortgagee. It is created by the

lease itself, and the lessee is estopped to deny this. The tenant agreed in his lease that it should be forfeited if the premises were sold under foreclosure of the mortgage.

Our Statute, as amended, differs from that of New York, in that it confers jurisdiction upon the Court when the tenant is holding over " without right after the determination of such tenancy either by efflux of time or by *reason of any forfeiture under the conditions or covenants* in any such lease."

It seems to us that, if it be true, as conceded in argument, that the grantee of a lessor can bring summary proceedings under the Statute to dispossess a tenant, who persists in remaining on the land after the determination of the tenancy for any statutory cause, there is no reason why the grantee of a mortgagee, succeeding to all the rights of the mortgagor, who was also grantor and lessor, cannot do the same.

The method of transferring the estate from the lessor to the defendant is only a little more circuitous than a direct sale from lessor to defendant. It was a condition in the lease that it should be annulled if the premises were sold under foreclosure. The defendant lessee entered the premises by virtue of this lease and covenanted to pay the rent to the mortgagee, and he cannot now say that it is void, and that he is a trespasser. The assignee of the title now claims that the lease is void by reason of the happening of an event which was contemplated both by the lessor and the defendant, and we think the plaintiff is, on these facts, entitled to judgment for the possession of the land.

The defendant's attorney called the Court's attention to the fact that the summons does not allege a tenancy between the parties. An omission of this character was held in *Coney vs. Manele* (supra) to be fatal. But in that case the motion to dismiss the summons on this ground was made in the District Court. In the case before us the motion was not only not made in the lower Court, so that the defendant could cure the defect by amendment, but the case was proceeded with as if the allegation of tenancy had been in the summons. The proofs all conformed to such a case. We think it is too late to dismiss the case on such grounds on appeal,

and allow the plaintiff to amend his summons in this respect, and he may then have judgment.

C. *Brown,* for plaintiff.

E. *Preston,* for defendant.

Honolulu, January, 1884.