POND *vs.* CURTISS.

Where a lease is made by a *guardian* of a *minor*, reserving rent, the action for the non-payment of the rent is properly brought in the name of the guardian as plaintiff, although the suit be brought after the ward has attained his age.

The presumption in such case is, unless the contrary be shewn, that the suit is prosecuted for the benefit of the ward.

DEMURRER to pleas. The plaintiff declared in covenant for the non-payment of rent. The declaration contained two counts; in the first the demise was set forth in substance, in the second in *hæc verba*. The lease was stated to have been executed on 20th August, 1817, term to expire on 26th January, 1819, when the rent reserved, viz. $206, was to be paid. The commencement of the lease was thus: "It is agreed by and between Elial Curtiss, of the town of, &c. a *minor*, by Billious Pond, of the same place, his guardian, of the first part, and Elisha Curtiss, of the same place, of the second part, to wit," &c.; and was signed thus: "Elisha Curtiss, [L. S.] Billious Pond, as guardian, [L. S.]" The defendant pleaded *non est factum*, and especially that on the 25th January, 1816, Pond, the plaintiff, on the petition of the minor, who was then *seventeen years of age*, was appointed by a surrogate the *guardian* of the minor, until he should arrive of the age of 21; that the demised premises were the property of the minor; and that on the 26th January, 1819, when the rent reserved by the lease became due, the minor had attained the age of 21;

wherefore he prayed judgment, &c.   To this plea the plaintiff demurred.   The suit was commenced in May term, 1828.

*W. C. Noyes,* for the defendant, insisted that the suit should have been brought in the name of Elial Curtiss, who had attained his age at the commencement of the suit, and that the declaration was defective in not shewing how the plaintiff was guardian.

*J. A. Spencer,* for plaintiff.

*By the Court,* Sutherland, J.   The principal question arising upon the demurrer is, whether the suit can be maintained in the name of the *guardian.*   The defendant contends that it should have been brought in the name of the *ward.*   The guardian had competent authority to make the lease   He may lease the real estate of his ward during the minority, but no longer.  Bacon's Abr. Guardian, 9.  2 Willes, 129, 135.  He cannot sell it without the previous order of the court of chancery, 7 Johns. Ch. R. 154.  2 Kent's Comm. 187.  Among the very numerous cases cited by the counsel for the defendant, I find none which has any direct bearing upon the question, whether a guardian, after his ward has attained his majority, can bring an action in his own name, to enforce an express contract made by him for the benefit of his ward during his minority.   Where the suit is brought with the approbation of the ward for his benefit, it is a question of form rather than of substance and in all cases the court of chancery will take care that the interests of the ward are protected.   There is nothing in this case to show that this suit is not actually brought by the ward in the name of his guardian who executed the lease.

As a general rule, the action upon a sealed instrument must be in the name of the parties to it, although the beneficial interest may be in another.   Thus, where a bond is made to A. for the benefit of B., it has been held that B. can neither sue upon it nor release the demand, he not being a party to it.  *Offly* v. *Waide,* 1 Leon. 235.  3 Bos. & Pul. 149, n. a.  1 Chitty's Pl. 4, 5.   There are exceptions to this rule, both at common law and under various statutes.   Thus, covenants running

with land may be prosecuted both by and against the assig- 
nee. Comyn's Dig. tit. Covenant, B. 3, C. 3 *and cases there cited.*
Bail bonds are made assignable by statute, and the assignee
may sue as such in his own name ; so also the assignee of
an insolvent debtor. Bonds taken to certain public officers,
who are considered as *quasi corporations,* may be sued in the
names of their successors in office. But those cases are all
obviously distinguishable from this, and I perceive no objec-
tion, in principle, to allowing the ward, in a case like this, to
enforce the covenant made for his benefit, in the name of his
guardian. It is to be intended that the suit is brought for
the benefit of the ward, and with his approbation, until the con-
trary is shown.

The plea supplies all the defects of the declaration, in omit-
ting to state how the plaintiff is guardian. The appointment
and all the proceedings are set forth at length in the plea.

Judgment for plaintiff on demurrer.