The People *ex rel.* Hannigan agt. Ingersoll.

---

## N. Y. SUPREME COURT.

THE PEOPLE *ex rel.* WILLIAM HANNIGAN agt. CHARLES D. INGERSOLL, justice, &c.

*Guardian of infant — His power to rent — Infant may affirm guardian's letting after he attains his majority — Effect of.*

The guardian of an infant has authority to rent during the infant's minority, but no longer. The guardian has no interest in the lands, nothing but a naked authority. His control is limited to the rents and profits, and that ceases at the ward's majority.

Where the guardian lets for a term beyond the ward's infancy, and the ward on coming of age affirms the letting, he may, upon alleging the facts, sustain any proper action or proceeding thereon.

The conventional relation of landlord between the ward and the tenant exists in such a case, in the sense contemplated by the authorities and the grantee of the ward after his majority, as assignee of the landlord, is entitled to the like remedies.

*First Department, General Term, January,* 1880.

The People *ex rel.* Hannigan agt. Ingersoll.

THE facts appear in the following affidavit used before the justice:

STATE OF NEW YORK, ⎰
CITY AND COUNTY OF NEW YORK, ⎱ *ss.:*

Mary Begen, being duly sworn, says that she is informed and verily believes, that William J. Davis, at the time of the letting hereinafter named, was the owner and landlord of the premises hereinafter described.

That said premises are situated within the seventh judicial district of the city of New York.

She further avers, on information and belief, that on or about the 1st day of May, 1878, the said William J. Davis, by John Whelan, his duly appointed guardian, let and rented unto William Hannegan, the whole of the second floor of premises known by the street No. 514 West Fifty-second street, in the city of New York, for the term of one year, commencing on the 1st day of May, 1878, and ending on the 1st day of May, 1879.

She further avers, on information and belief, that the said William J. Davis, arrived at the age of twenty-one years on the 14th December, 1878.

That since said letting, and on or about the 21st day of May, 1879, the said William J. Davis, by his deed, granted and conveyed said premises to this deponent.

That the term for which said premises were hired and let to the said William Hannegan, has expired, and that said William Hannegan, or his assigns, holds over and continues in possession of said premises, without the permission of the landlord or this deponent, after the expiration of his term.

MARY BEGEN.

Sworn to before me, this ⎱
8th day of October, 1879. ⎰

JOHN C. LAUG,
*Notary Public, New York City and Co.*

The facts were controverted and the issue tried. The justice found for the landlord, and the tenant brought *certiorari* to review the justice's decision.

*John Hardy*, for relator, cited 2 *Willard on Executors*, 1137; *Lewin on Trusts, p.* 464 (560); *Downing* agt. *Marshall* (37 *N. Y.*, 580); *Benjamin* agt. *Benjamin* (5 *N. Y.*, 388); *The People* agt. *Williams* (11 *How. Pr.*, 83).

*Jas. P. Campbell*, for respondent, cited 1 *Parsons on Contracts*, 133; *Genet* agt. *Talmadge* (1 *John Ch. R.*, 561); *Pond* agt. *Curtis* (7 *Wend.*, 45); *Emerson* agt. *Spicer* (46 *N. Y.*, 594); *McAdam's L. and T.*, 12; 2 *R. S.*, 1131, sec. 7; *Livingston* agt. *Tanner* (14 *N. Y.*, 64); 2 *Kent's Com.* 239); *Field* agt. *Schieffelin* (7 *John. Ch.*, 154); *Emmons* agt. *Spicer* (46 *N. Y.*, 594); *Porter* agt. *Bleiler* (17 *Barb.*, 151); *Rowan* agt. *Lytle* (11 *Wend.*, 619); *Allen* agt. *Jaquish* (21 *Wend.*, 628).

BARRETT, *J.* — It is well settled that to authorize these summary proceedings the conventional relation of landlord and tenant must be shown to exist, and not a tenancy created by mere operation of law (*Benjamin* agt. *Benjamin*, 5 *N. Y.*, 388; *The People ex rel. Williams* agt. *Bigelow*, 11 *How. P.*, 83; *Roach* agt. *Cosine*, 9 *Wend.*, 227; *Simms* agt. *Humphrey*, 4 *Denio*, 185).

This conventional relation may be created by agreement, express or implied (*See opinion of* SHELDEN, *J., in The People* agt. *Simpson*, 28 *N. Y.*, 59).

Care must be taken to distinguish between a tenancy created by operation of law and an agreement implied by law from particular facts.

In the present case the infant Davis was vested with the title to the land. The rents belonged to him, and whatever the guardian did was for his benefit (*Porter* agt. *Bleiler*, 17 *Barb.*, 151).

He could maintain an action for use and occupation, although he had a general guardian (*Ibid*).

Undoubtedly the guardian had authority to rent during the infant's minority, but no longer.

Whalen rented the premises to Hannigan for one year from the 1st day of May, 1878. Davis attained his majority on the 14th day of December, 1878. It seems, however, that Davis thereafter ratified Whalen's act, for he took no step in disaffirmance, permitted continued occupation, and must have demanded the rent. We infer the latter, from the fact that Whalen directed the tenant not to pay. Be that as it may, Davis, as landlord, could have maintained an action on the lease for the rent accruing subsequent to his majority. The suit of itself would be an affirmance.

In *Pond* agt. *Curtis* (7 *Wendell*, 45), an action in the guardian's name, even after the ward had attained his majority, was sustained. This was under the rules governing sealed instruments, and upon the further ground that there was nothing in the case to show that the suit was not actually brought by the ward in the name of his guardian who executed the lease. There was not a suggestion that the ward could not have maintained the action in his own name. On the contrary, SUTHERLAND, J., observes " that where the suit is brought in the guardian's name with the approbation of the ward and for his benefit, it is a question of form rather than of substance ; " and, again, " I perceive no objection in principle to allowing the ward, in a case like this, to enforce the covenant made for his benefit in the name of his guardian." " It is to be intended that the suit is brought for the benefit of the ward, with his approbation, until the contrary is shown."

The guardian has no interest in the lands, nothing but a naked authority. His control is limited to the rents and profits, and that entirely ceases at the ward's majority.

Here the occupation by the tenant, with Davis' approbation, after the latter's majority, constituted between them the conventional relation of landlord and tenant. It was not a

Tator agt. Adams.

tenancy created by operation of law, but by and under the express agreement of May 1, 1878. That agreement was made on behalf of Davis and for his sole benefit. During his minority the guardian was authorized to reduce the rent to possession. Thereafter the ward was entitled to receive it himself, and to so receive it under the original agreement.

The operation of the law is not upon the creation of the tenancy but upon the right to proceed directly under the agreement.

Mary Begen, as the assignee of Davis, was authorized to institute summary proceedings.

There being nothing in any of the other points the proceedings and judgment of the justice must be affirmed, with costs.

DAVIS, C. J., concurred.