RAOUL MARTEL, and another, by Guardian,

*vs.*

ETTIENNE DESJARDIN.

Androscoggin.    Opinion December 27, 1899.

*Action.    Guardian.    Ward.    Mortgage.*

A cestui que trust of a mortgage of real estate cannot maintain a writ of entry for possession of the mortgaged premises.

A testamentary guardian of infant wards loaned money of his wards and took as security a mortgage of real estate in favor of himself as such guardian.

*Held;* that the wards cannot maintain a writ of entry for possession of the mortgaged property.

ON EXCEPTIONS BY DEFENDANT.

The case appears in the opinion.

*D. J. McGillicuddy and W. A. Morey,* for plaintiff.

The only question is whether this guardian can maintain this action to foreclose a mortgage, or should it be done by the administrator of the deceased guardian in Canada.

The case shows that Lambert Sarazin, of St. Hyacinthe, Canada, was appointed guardian in Canada, of Raoul and Mary Louise Martel, both of Lewiston, Maine. Previous to the execution of this mortgage, Sarazin, the guardian, took certain money of the Martel children and invested it in the property in Lewiston covered by this mortgage and took the mortgage as security therefor, in his capacity of guardian. He afterwards died in Canada; administrator of his estate was appointed in Canada, and this administrator

also died in Canada. The above guardian and his deceased administrator were foreign guardian and foreign administrator, not subject to the jurisdiction of the courts of this state, or even of the United States.

It is well settled law that the authority of a guardian over both persons and estates of the ward is strictly territorial, not extending beyond the state or country of his appointment. *Leanord* v. *Putman*, 51 N. H. 247; *Rogers* v. *McLean*, 31 Barb. 304; *Weller* v. *Suggett*, 3 Redf. (N. Y.) 249.

In this case, the wards being residents of Androscoggin county would have no power to compel the foreign guardian or his administrator, even if they were living, to come to this state and prosecute the action to foreclose their mortgage, and thus they would be left without power to foreclose their mortgage. Even if the foreign guardian or administrator were living and volunteered to come, they would have no power in this state, being a foreign guardian and a foreign administrator.

Consequently a new guardian was appointed, Pierre E. Provost, a resident of Androscoggin county, and has given bond to the judge of probate, and has full authority to prosecute this action in behalf of said wards.

The administrator of the deceased guardian cannot maintain an action upon the bond of third party to recover a fund alleged to be due the ward. *Davis* v. *Fox*, 69 N. C. 435.

A guardian's administrator has no authority to invest the ward's funds nor to discharge the ward's general indebtedness by setting apart a portion of the guardian's estate for that purpose. *Morhead* v. *Orr*, 1 S. C. 304; *Clark* v. *Tompkins*, 1 S. C. 119.

The executor of a deceased guardian has no right to draw from the bank to pay over to him, money deposited by the deceased as guardian. *Garry* v. *Bank*, 20 S. C. 538.

*W. H. White, S. M. Carter; J. G. Chabot*, for defendant.

Sarazin was at most a testamentary guardian, appointed and qualified in a foreign jurisdiction. He took possession of the bequest for the benefit of the minor children, and came into this jurisdiction, made a loan and took the mortgage above described

for security.  It is true he was described in the mortgage deed as guardian.  While this was notice that he held the title as a trustee for the benefit of the children, it did not in any way prevent the legal title to the land vesting in him by the terms of the deed.

So far as his relations to the property in this jurisdiction were concerned, and his rights and remedies, he is to be treated by our court simply as a trustee.  *Everett* v. *Drew*, 129 Mass. 150.

A writ of entry to foreclose a mortgage must be brought by the owner of the legal estate, whether he be trustee or otherwise. 2 Jones on Mortgages, § 1280; *Carey* v. *Brown*, 92 U. S. 171; Loring's Trustee's Handbook, p. 22.

Under our statutes a guardian may bring suit in the name of his ward in relation to property of the estate of which the ward holds the legal title.

Provost is such a guardian, but these wards have no legal title to the demanded premises nor to the mortgage deed.  Their estate consists in the right to an accounting of the guardian in Canada, and the enforcement of whatever claims they have against him under the terms of the trust by which he holds this property.  But even in case of a guardian seeking to enforce a claim in the jurisdiction of his appointment, where the suit is upon a debt or contract which is the result of the guardian's own management of the estate, such suit would be in the name of the guardian.  9 Am. & Eng. Ency. of Law, (1st Ed.) p. 111.

SITTING:  PETERS, C. J., HASKELL, WISWELL, SAVAGE, FOG-LER, JJ.

FOGLER, J.  On exceptions.  Writ of entry.  Plea, the general issue.  The demanded premises are situate in the city of Lewiston.  The defendant is summoned to answer unto Raoul Martel and Marie Louise Martel both of said Lewiston, infants under the age of twenty-one years, who sue this action by Pierre E. Provost, their duly and legally appointed guardian.  The question in controversy is whether the plaintiffs have such an estate in the demanded premises as will enable them to maintain the action.

The case is thus: Lambert Sarazin of St. Hyacinthe in the Province of Quebec was appointed in said Province, under the last will and testament of Jean Bte. Germain, deceased, testamentary guardian of the plaintiffs, Raoul Martel and Marie Louise Martel, minor children of L. J. Martel and of all other children which may be born of said L. J. Martel's marriage, May 4, 1893. Said Sarazin loaned to said L. J. Martel five thousand dollars of the funds in his hands as such testamentary guardian, and received from said Martel a mortgage of that date of the demanded premises, under which the plaintiffs claim title. The mortgage ran to "Lambert Sarazin of St. Hyacinthe of the Province of Quebec in the Dominion of Canada, guardian of Marie Louise and Raoul, minor children of L. J. Martel under the last will and testament of the late Jean Bte. Germain, made at St. Hyacinthe aforesaid, and of all other children which may be born of said L. J. Martel's marriage." Sarazin died about two years before the commencement of this action and an administrator of his estate was appointed in Canada, who died about a year before this suit was commenced. In February, 1899, Pierre E. Provost was appointed guardian of the plaintiffs by the judge of probate for the county of Androscoggin. L. J. Martel conveyed the demanded premises to the defendant by deed which was executed and delivered subsequently to the execution, delivery and record of the mortgage. The plaintiffs claim no title to the demanded premises other than the mortgage above referred to. The presiding justice ruled that the plaintiffs were entitled to judgment and the defendant excepts.

We are of opinion that the plaintiffs cannot maintain their action and that the defendant's exceptions must be sustained.

A legal interest in the realty is essential to maintain a writ of entry to foreclose a mortgage or to reduce the mortgaged property to possession. The plaintiff must hold the legal estate at the time he brings the action, and it is immaterial that he holds the estate for the benefit of another. A cestui que trust of a mortgage of real estate cannot maintain a suit of entry for possession of the mortgaged premises. 2 Jones on Mortgages, § 1280; *Somes by Guardian* v. *Skinner*, 16 Mass. 348; *Young* v. *Miller*, 6 Gray, 152.

Even in equity, where a suit brought to recover trust property or to reduce it to possession, in no wise affects his relations with his cestuis que trustent, it is unnecessary to make them parties. *Carey* v. *Brown*, 92 U. S. 171.

In the case at bar, the mortgage under which the demandants claim was in favor of Lambert Sarazin. The legal title was in him although the mortgage was to him as guardian of the demandants. The demandants took no legal estate in the mortgaged premises and cannot maintain this action to foreclose. This was so held in the similar case of *Somes* v. *Skinner*, supra. There a mortgage was taken by one Somes as guardian and for the benefit of his ward who brought the action to foreclose the mortgage. It was held that he could not maintain the action. The court says: "It is true, that the mortgage was taken by N. Somes, guardian of the demandant, and for his benefit; but the legal estate in the mortgage was never in the demandant, and he could not maintain a suit to foreclose the mortgage." This decision is supported by numerous authorities, among which we cite: *Young* v. *Miller*, supra; *Pond* v. *Curtis*, 7 Wend. 45; *McKinney* v. *Jones*, 55 Wis. 39; *Gard* v. *Neff*, 39 Ohio St. 607.

The fact that Sarazin, the testamentary guardian, died before the commencement of the suit, gave the demandants no other or better estate than the equitable estate which they had in the lifetime of the guardian. The mortgage debt and the mortgage by which it was secured, at his death, passed to his personal representatives who must account therefor to the court from which the deceased guardian received his appointment.

*Exceptions sustained.*