R. C. BONEY AND ANOTHER v. R. WATERHOUSE.

1. A partnership firm may become sureties on an appeal bond.
2. No seal or scroll is necessary in the execution of appeal bonds.

APPEAL from Marion. Tried below before the Hon. J. D. McAdoo.

The facts are apparent. The rulings on the merits are not formulated in the head notes, because they are of a purely negative character.

*Wm. Stedman,* for the appellants.

*Culberson & Mabry,* and *Crawford & Crawford,* moved to dismiss on account of alleged defects in the ·appeal bond; and in support of the motion, they filed the following brief:

1. All the partners of a firm are bound by the acts of each of the partners in the course of their partnership business; but outside the scope of the partnership business, the act of one partner does not bind the firm. (Powell v. Messer, 18 Texas, 402; Burleigh v. Parton, 21 Texas, 586.)

· 2. One partner cannot bind the firm by the execution of a bond outside the scope of the partnership business, unless it be, perhaps, in a case prosecuted or defended in the name or for the use of the partnership. (Drake v. Brander, 8 Texas, 352.)

3. There are cases which seem to recognize the rule, that one partner may sign the name of the firm as surety in an attachment bond, and in the event the act is disaffirmed by the firm, the partner who signed the name of the firm, can be made responsible, by proper aver· ments, in a suit on the attachment bond. But the liability of a surety on an appeal bond is not fixed in the mode prescribed for fixing the liability of a surety upon an attachment bond. (See Art. 1921, O. & W. Digest, also 3 Kent, pp. 43, etc.)

WALKER, J.—This is an action brought on a written contract for the lease of a certain store house in the city of Jefferson. The lease was to run ten months, and the lessees agreed to pay the lessor the sum of fifteen hundred dollars for the term, in monthly installments of one hundred and fifty dollars each.

The plaintiff set out a copy of the lease, in his peti-

tion.   Defendants demurred to the petition, and plead
in bar to the action that the house became and was un-
tenable, and in a condition dangerous to be occupied
for business or other purposes, by reason of the un-
sound and unsafe condition of the roof and walls.
And further, that after consultation with one Allen,
whom they allege was the general agent of the plain-
tiff for collecting his rent, and that upon the sugges-
tion of said Allen, they abandoned the premises and
returned to him the key of the house, after they had
occupied it for a short time.

They also claim the payment of one hundred and
fifty dollars and a tender of two hundred and fifty-five
dollars, as the amount due at the time they abandoned
the property.

The case was tried by a jury, and resulted in a ver-
dict for the plaintiff for the whole amount claimed.

The charge of the court was able and fair, and as
favorable to the defendants as the law and the evidence
warranted it to be.

There were no special findings by the jury, and it does
not appear they did not give due consideration to all
the evidence.

There are three assignments of error, none of which
we think are well taken or sustained by the record.
Some interesting questions of law are ably discussed
in the briefs.   But after a careful examination of the
whole record, we do not think they have any material
application to this case.

There is also a motion to dismiss, for the want of a
proper appeal bond, on the ground that one of the
securities, Bateman & Brother, is a partnership firm.

The precise ground on which this motion rests, is not
made to appear to the court, unless it be that Bateman

& Brother being a partnership firm, had no common seal and could not use a scroll.

We cannot hold it necessary that a security upon an appeal bond must use a seal to bind him, or that a partnership firm may not be competent security on such a bond.

The motion is therefore overruled, and the judgment of the District Court is affirmed.

AFFIRMED.