IN THE -

# SUPREME COURT OF NEBRASKA.

## JULY TERM, 1881.

---

PRESENT:

Hon. SAMUEL MAXWELL, Chief Justice.
" GEORGE B. LAKE, } Judges.
" AMASA COBB,

---

FIRST NATIONAL BANK OF SOUTH BEND, INDIANA, PLAIN-
TIFF IN ERROR, v. LEMUEL J. GANDY AND FARMERS'
AND MERCHANTS' BANK OF YORK, GARNISHEE, DEFEND-
ANTS IN ERROR.

Garnishment of Money deposited in bank by county
treasurer. The plaintiff in error had a judgment against L. J.
G. The latter as county treasurer had deposited—generally in
the F. & M. Bank—$1,500. Process of garnishment on the
above judgment against defendant Bank. Answer by Bank
that said money was deposited by L. J. G. as treasurer of York
county as public funds. Held, that in the face of the public
law prohibiting the depositing of public funds, such a defense
could not be heard either from L. J. G. or defendant Bank,
and that the bank was liable on process of garnishment.

ERROR to the district court for York county. Tried below before POST, J.

*France & Sedgwick,* for plaintiff in error, cited *State v. Keim,* 8 Neb., 63. *Perley v. County of Muskogon,* 32 Mich., 132, and cases cited. *Shelton vs. The State,* 53 Ind., 331. *Commercial Bank v. Hughes,* 17 Wend., 94. Laws 1879, sec. 91. General Statutes, 749, sec. 124.

*Scott & Conner,* for defendants in error. The account at the bank was in the name of "York county, Nebraska, by L. J. Gandy, treasurer." The money deposited was "public money." The law will not compel payment of individual debts of treasurer out of this money. Laws of 1879, 156. By this act money is under *official* control. It gives a right of action to the officer and his successor. The only party in interest is the public, and it can make no difference in principle that the action is authorized to be brought in the name of the officer, as it is only another way of designating the county itself. *Cairnes v. Bleness,* 40 Wis., 475. *Carpenter v. Tatro,* 36 Wis., 301. *Sacramento Co. v. Bird,* 31 Cal., 73. Privity of contract and of interest must, in general, combine, in order to charge the garnishee in respect of property of the defendant, and in cases where the garnishee has in his possession property or money which he is bound by contract to pay the defendant, and where the effects in the garnishee's hands belong to the defendant as trustee or agent for others, the garnishee is not bound. And where money is deposited in a bank by one as agent, and the account is understood, both by the depositor and the bank, to be an agency account, there is no privity of interest. Drake on Attachment, secs. 489, 491, 454, note b.

COBB, J.

This is a controversy between the plaintiff in error and the Farmers' and Merchants' Bank of York, as garnishee of L. J. Gandy. The plaintiff recovered a judgment some time ago against the said Lemuel J. Gandy, and having caused an execution to be issued thereon and placed in the hands of the sheriff of York county, also sued out a process of garnishment against the Farmers' and Merchants' Bank of York county as a debtor of the said Lemuel J. Gandy. The bank appeared by its assistant cashier and made the following disclosure:

Wm. A. Sharrar, sworn on the part of the plaintiff, says in answer to garnishee heretofore served on him, I am assistant cashier of the Farmers' and Merchants' Bank of York, York county, Nebraska, am well acquainted with the defendant, Lemuel J. Gandy.

Q. State, Mr. Sharrar, if the Farmers' and Merchants' Bank is indebted to Mr. Lemuel J. Gandy?

A. Yes, sir, not indebted to Mr. Gandy.

Q. Has Mr. Gandy left money at the Bank?

A. Yes, he left money there.

Q. When?

A. First date.

Q. How was that money left there?

A. As the money of York county, by L. J. Gandy, as county treasurer.

Q. How much money was left there? .

It is here admitted by the plaintiff and Lemuel J. Gandy, defendant, that there is now, and was at the time of the service of the writ of garnishment, money enough in the possession of the Farmers' and Merchants' Bank to pay the judgment of plaintiff, and not less than fifteen hundred dollars. That said amount of money, not less than $1,500, so in the possession of

30

said Farmers' and Merchants' Bank, deposited there as the money of York county, by defendant L. J. Gandy, as treasurer of said York county, and was subject to the check of L. J. Gandy as treasurer of York county, and that such funds were collected by said Gandy, as treasurer of York county, and deposited in said bank by him as such treasurer for safe keeping.

Q. Were the funds subject to the check of L. J. Gandy, county treasurer?

A. Yes, sir, his check as county treasurer.

Q. Was it subject to his personal or private check?

A. No, sir.

It thus appears that Mr. Gandy, the county treasurer, had deposited fifteen hundred dollars of the money which he had received from the tax payers of the county in the Farmers' and Merchants' Bank. By means of the process of garnishment, the district court was called upon to define the status of the money thus deposited, or rather the relationship assumed by the said Farmers' and Merchants' Bank towards individuals and the public by accepting such money as a general deposit, and placing it among its own funds. As I understand it, that court decided that this money still remained public funds although deposited in a private bank and probably paid out to its customers. Or, in other words, that by virtue of the making of the said deposit, the Farmers' and Merchants' Bank became the debtor of York county and not of Mr. Gandy. In the case of *The State v. Keim*, cited by counsel on either side, this court sought to express the very opposite of such conclusion as applied to a deposit of state money made by the state treasurer in a bank, and I know of no difference in this regard between state and county funds.   We there stated upon authorities cited, that the depositing of money, generally, in

a bank was, in legal effect, the loaning of the money to the bank. I am quite satisfied with that opinion as a whole, as well as with the particular paragraph of it now under consideration. The loaning of any part of the public money, by any person standing in the relation to it that a county treasurer does, is by statute declared to be a high crime, punishable by fine and imprisonment in the penitentiary. As the law now stands, the district court only takes cognizance of crimes when they are presented by the indictment of a grand jury. But certainly when the statute declares the doing of a certain thing a crime, the court cannot construe the doing of that same thing as conferring any rights upon either of the participants in the doing of that thing. Neither party to any such prohibited transaction can be heard in a court of justice to urge such act, or any quality thereof, either as a cause of action or ground of defense. I do not deem it necessary to make any reference to the act of Feb. 24, 1879, cited by counsel for defendants in error, further than to say that by its own terms said act only covers cases of loans of public funds made before the passage of said act, and so does not apply to the case at bar. Whatever cause of action the county might have against the Farmers' and Merchants' Bank for knowingly receiving its funds on deposit from the county treasurer, the bank has no defense against the process of the plaintiff on the ground that the funds which it received from Mr. Gandy were county funds which he was prohibited by public law from depositing in any bank. It does not lie in the mouth of Mr. Gandy, or any of his privies, of which the Farmers' and Merchants' Bank is one in respect to these funds, to deny that they are the private money of Mr. Gandy, which alone he had a right to deposit in bank, and the bank had a right to receive from him on deposit.

It follows, therefore, that the judgment of the district court must be reversed, and the cause remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.