S. D. BUCHARD v. T. S. CAVINS.

No. 7487.

1. **Writ of Error Bond—Surety.**—A writ of error bond signed by two sureties, one of whom appears to be a firm (Ford, Weakly & Johnson), is insufficient when objected to.

2. **Firm Signing as Surety.**—A firm name signed to an error bond does not constitute a good security; (1) it not appearing who are the members, so that judgment could

be rendered against them; and (2) the bond is presumably signed by a member of the firm—if signed without authority of the other members they would not be bound.

3.  Case Adhered to.—Donnelly v. Elser, 69 Texas, 287, adhered to.

ERROR from Wise.  On motion to dismiss writ of error for want of sufficient bond.

STAYTON, CHIEF JUSTICE.—There are but two sureties to the writ of error bond filed in this case, and one of the signatures is as follows: "Ford, Weakley & Johnson."  There is a motion to dismiss the writ of error on the ground that there is but one sufficient surety.

In the case of Frees v. Baker, decided at Austin Term, 1889, but not reported, it was said:  "This is evidently the name of a partnership, but who constitute the firm does not appear in the bond or elsewhere in the record.  We do not think an appeal bond is sufficient when the name of a firm is signed as surety under these circumstances.  Should judgment go against appellant and his sureties on the bond, we would have no means of ascertaining from the record the names of the persons constituting the firm against whom the judgment should be rendered.

"Moreover, the signature to the bond, which was presumptively made by one of the partners, may not have been authorized by the other members of the firm.  If so, it would not be binding on the partnership or upon any member of it except the one who signed the bond.  There is nothing before us to show by whom the bond was signed, and we can not resort to extrinsic evidence to ascertain that fact.  The clerk of the District Court doubtless approved the bond relying on the solvency of the firm and supposing them bound.  We can not say that he would have done so had he known that no other member of it became thereby liable except the person who attached the firm name."

The same ruling was made in Donnelly v. Elser, 69 Texas, 287, though it had formerly been held otherwise in Boney v. Waterhouse, 35 Texas, 178.

The motion will be sustained and the writ of error dismissed.

*Dismissed.*

Delivered May 15, 1890.