COUNTY OF WAYNE ET AL. V. JOHN T. BRESSLER ET AL.

[FILED SEPTEMBER 16, 1891.]

County Treasurer: USE OF PUBLIC FUNDS: ACTION FOR AC-
COUNTING.   Under section 124, Criminal Code, a civil action
by the county, or a taxpayer, against the county treasurer for
the recovery of interest on public money loaned, or the net pro-
ceeds of banking and real estate by the use of public money,
would not lie prior to the act of 1891, sec. 6, chap. 50. (Consol.
Stats., sec. 4275.)

ERROR to the district court for Wayne county.   Tried
below before POWERS, J.

*J. M. Woolworth*, and *Andrew Bevins*, for plaintiff's in
error:

The county treasurer is a trustee, and as such must ac-
count to his principal, the county, for any gains or profits
he may have made in dealing with its funds. (*Morret v.*

*Paske,* 2 Atk. [Eng.], 52; *Powell v. Glover,* 3 P. Wm. [Eng.], 251; *R. Co. v. Magnay,* 25 Beav. [Eng.], 586; *Chaplin v. Young,* 33 Id., 414; *Bowers v. Toronto,* 11 Moore P. C. C. [Eng.], 463; *Docker v. Somes,* 2 M. & K. [Eng.], 665; *Conner v. Mayor N. Y.,* 5 N. Y., 285; *Andrews v. Pratt,* 44 Cal., 309; *Coffin v. State,* 7 Ind., 157; *Benford v. Gibson,* 15 Ala., 521; *State v. Graves,* 19 Md., 851; *State v. Clarke,* 73 N. Car., 255; *Chicago v. Gage,* 95 Ill., 593; *Richardson Co. v. Wandel,* 6 Lan. [N. Y.], 33; *Sup. of Chenango v. Birdsall,* 4 Wend. [N. Y.], 453; *Chemung Canal Bank v. Supervisors,* 5 Denio [N. Y.], 517; Adams, Eq. [3d Am. Ed.], 67.)

*H. H. Moses, Frank M. Northrop,* and *D. C. Patterson, contra,* cited, contending that no trust relation existed between the county and its treasurer: *Hancock v. Hazzard,* 12 Cush. [Mass.], 112; *Colerain v. Bell,* 9 Met. [Mass.], 499; *Halbert v. State, ex rel. Co. Com'rs,* 22 Ind., 125; *Wilson v. Wichita,* 4 S. W. Rep. [Tex.], 67; *Muzzy v. Shattuck,* 1 Denio [N. Y.], 233; *U. S. v. Prescott,* 3 How. [U. S.], 578; *Baily v. Commonwealth,* 10 Atl. Rep. [Pa.], 764; *Commonwealth v. Comly,* 3 Pa. St., 372; *Perley v. Muskegon Co.,* 32 Mich., 132; *Allen v. State,* 6 Blackf. [Ind.], 252; *Steinback v. State,* 38 Ind., 483; *Bd. of Justices v. Fennimore,* 1 Coxe [N. J.], 242; *Hays v. Grover,* 4 Binn. [Pa.], 80; *State v. Harper,* 6 O. St., 608; *Morbeck v. State,* 28 Ind., 86; *Linville v. Lininger,* 72 Id., 491; *Bocard v. Stevens,* 79 Id., 272; *Inglis v. Hughes,* 61 Id., 217; *Bank v. Gandy,* 11 Neb., 431; *Shelton v. State,* 53 Id., 331.

COBB, CH. J.

The county of Wayne brought this action on April 17, 1889, against John T. Bressler, late county treasurer, and David C. Patterson, late deputy county treasurer, alleging that as such officers they received large sums of money for

the county, a part of which they loaned, receiving large sums as interest therefor, and other parts they used in their bank, carrying on a banking business therewith by making loans, and also in buying and selling real estate, in the course of which they received large gains and profit on account of and by the use of the county's money; that they also invested large sums which came into their hands as such officers in lands in this state, the title to which they now hold in trust for the plaintiff; that Bressler held the office of county treasurer from January 1, 1878, to January 1, 1880, and again, the second term, to January 1, 1882, during which he received the taxes and revenue of the county, and deposited large sums of money, at an agreed rate of interest, in various banks in this state and in Iowa; that the interest, at four per cent, for the time of such deposit of the county's money in such banks, received by him, amounted to $5,000; that during the year 1879 the defendant Patterson was appointed deputy treasurer, and formed a partnership with his principal, and carried on a banking business under the firm name of The Logan Valley bank, loaning money at high rates of interest, and also bought and sold real estate under the firm name of Bressler & Patterson, during all of their official term, and subsequently; that neither defendant was possessed of any money, or means of financial operation, belonging to either, but that they carried on all their business on the basis and capital of the county treasury funds, held in trust by them for the plaintiff; that the gains and profit arising from their real estate transactions, on the plaintiff's money, amounted to $150,000, and on that of their joint banking business to the sum of $100,000, making a total sum of $255,000 due the plaintiff for the use of the public funds as treasurer and deputy treasurer, and as trustee of the plaintiff; that the defendants have the title, purchased from the proceeds of the gains and profits stated, to various parcels of real estate:

Lots 1, 2, 4, block 2, Patterson's addition to Omaha.

Lots 7, 8, block 3, Washington Hill addition to Omaha.

Lots 3, 19, block B, Sanders & Himbaugh's addition to Omaha.

Lots 5, 6, Joestwer's sub., Shinis addition to Omaha.

Lots 22, 23, block 3; lots 20, 24, block 6; lot 6, block 11; lot 13, block 8, Douglas addition to Omaha.

Lot 11, block 1; lots 3, 7, block 7; lot 11, block 9, Lincoln Place addition to Omaha.

Lots 1, 2, 3, 4, 5, 6, 7, block 1; lots 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, block 2; lots 2, 5, 6, 7, block 3, West Side No 3 addition to Omaha.

Lots 17, 24, 25, 32, Mayfield's addition to Omaha.

Lots 3, 6, block 1, Folsom Place addition to Omaha.

Lots 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 23, block 1; lots 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, block 2; lots 1, 2, 3, 5, 6, 7, 10, 11, 13, 14, 15, 18, 19, 20, 21, 23, 24, block 4, Fayette Park addition to Omaha.

The N. $\frac{1}{2}$ of the W. 44 feet of lot 3, block 177; the middle 44 feet of lot 1, block 192, and the W. 22 feet of lot 7, block 117, in Omaha, all situate in the county of Douglas, in the name of defendant Patterson.

Also the following lands and lots in the county of Wayne: The N. $\frac{1}{2}$ of the N. W. $\frac{1}{4}$ of sec. 10, Tp. 25, R. 4; the S. W. $\frac{1}{4}$ of sec. 4, Tp. 26, R. 3; the S. E. $\frac{1}{4}$ and S. $\frac{1}{2}$ of S. W. $\frac{1}{4}$ of sec. 32, Tp. 27, R. 1; the N. W. $\frac{1}{4}$ of sec. 26, Tp. 26, R. 1; the E. $\frac{1}{2}$ and S. W. $\frac{1}{4}$ of the N. E. $\frac{1}{4}$ and W. $\frac{1}{2}$ of the S. E. $\frac{1}{4}$ of sec. 25, Tp. 26, R. 4, and the E. $\frac{1}{2}$ of lots 4, 5, and 6 in block 8, and lot 12 in block 6, Crawford & Brown's addition to the city of Wayne, in the name of defendant Patterson.

Also the S. $\frac{1}{2}$ of S. W. $\frac{1}{4}$ of sec. 14, and the N. $\frac{1}{2}$ of the N. W. $\frac{1}{4}$ of sec. 23, Tp. 27, R. 2; the N. $\frac{1}{2}$ of the N. E. $\frac{1}{4}$ of sec. 11, and the N. $\frac{1}{2}$ of N. W. $\frac{1}{4}$ of sec. 12, Tp. 27, R. 2; the E. $\frac{1}{2}$ of N. E. $\frac{1}{4}$ of sec 4, Tp. 25, R. 5; the S. E. $\frac{1}{4}$ of sec.

29, Tp. 25, R. 3; the S. $\frac{1}{2}$ of the N. E. $\frac{1}{4}$ of sec. 4, Tp. 25, R. 5; the W. $\frac{1}{2}$ of S. W. $\frac{1}{4}$ of sec. 17, Tp. 26, R. 2; the S. E. $\frac{1}{4}$ sec. 29, Tp. 25, R. 3; the S. W. $\frac{1}{4}$ sec. 10, Tp. 25, R. 1; the N. E. $\frac{1}{4}$ of sec. 2, Tp. 25, R. 1; the S. E. $\frac{1}{4}$ of S. E. $\frac{1}{4}$ of sec. 34, Tp. 26, R. 2; the N. $\frac{1}{2}$ of S. E. $\frac{1}{4}$ of sec. 7, Tp. 26, R. 4; the N. $\frac{1}{2}$ of N. E. $\frac{1}{4}$ of sec. 11, and the N. $\frac{1}{2}$ of N. W. $\frac{1}{4}$ of sec. 12, and S. $\frac{1}{2}$ of S. W. $\frac{1}{4}$ of sec. 14, Tp. 27, R. 2, and lot 8 in block 12, lot 12 and N. $\frac{1}{2}$ of lot 11 in block 3, and lot 4 in block 13, in the city of Wayne; lots 1, 2, 3, 6, 7, and 8, in Crawford & Brown's addition to the city of Wayne, and lots 1 in block 7, 2 in block 8, and 1 in block 9; lots 2 and 4 in block 10, lot 2 in block 11, lot 3 in block 12, lots 4, 5, and 6 in block 13, lots 3 and 4 in block 14, and lots 1 to 6, inclusive, in block 15, in the town of Winside, in Wayne county, in the name of defendant Bressler.

Also the N. $\frac{1}{2}$ of N. W. $\frac{1}{4}$ of sec. 10, Tp. 25, R. 4; lots 1 and 2, sec. 2, and lot 1, sec. 14, Tp. 26, R. 5; the N. $\frac{1}{2}$ of N. W. $\frac{1}{4}$ of sec. 10, Tp. 25, R. 4; the W. $\frac{1}{2}$ and N. E. $\frac{1}{4}$ of sec. 35, Tp. 26, R. 2; the N. $\frac{1}{2}$ of N. W. $\frac{1}{4}$ of sec. 23, Tp. 27, R. 2, and lot 3 in block 13, lots 4, 5, and 9 in block 25, lot 3 in block 13, in the town of Wayne, and lots 24 and 25 in block 4 in the town of Winside, in the name of defendants Bressler and Patterson jointly. And that this course of dealing was, at the time, fraudulently concealed by the defendants from the plaintiff, and had not come to the knowledge of the plaintiff, or of its authorities, until shortly before the bringing of this action.

It is prayed that the defendants hold the land purchased by them with the plaintiff's money in trust for it, and that upon being paid their expenditures on account of it, they convey the lands to the plaintiff; that an account be taken of the gains and profits of the defendants arising from the use of the public money, and that judgment be entered against them for the amounts thereof.

To this petition the defendants demurred, that it did not state facts sufficient to constitute a cause of action.

On May 22, 1889, James Britton, alleging that he was, and, for ten years past, had been a taxpayer and owner of real and personal property in the county of Wayne, exhibited his petition, intervening with the plaintiff and setting up the same cause of action against the defendants, and the intervenor's motion to be made a party plaintiff being overruled, he excepted on the record. The cause being further heard and argued, the defendant's demurrer was sustained, and the cause was dismissed and exceptions taken by the plaintiff.

The plaintiffs in error maintain, by argument, that the defendants are trustees for the county, and, as such, must account for any gains and profits they may have made in the receipts and disbursements of the county's funds; and, in support of this, they cite those wise saws and modern instances which apparently authorize their views, and which they claim have been applied to every conceivable class of trustees, and more especially wherein trustees have made use of trust funds in their business in trade, making gains and profits, that they cannot so appropriate the avails to themselves, and that their beneficiaries are entitled to the net proceeds. The counsel argues first: "That upon these grounds where a trustee, or other person, standing in a fiduciary relation, makes a profit out of any transactions within the scope of his agency or authority, that profit will belong to his *cestui que trust*. (Story, Equi. Jurisp., sec. 1261.) And the very eminent commentator, Aaron F. Perry, in his work on Trusts, states the general rule in these words: "All persons who stand in a fiduciary relation to others must account for all the profits made upon moneys in their hands by reason of such relation," and adds that "agents, guardians, directors of corporations, officers of municipal corporations, and all other persons clothed with a fiduciary character are subject to this rule,"

citing the following authorities: *Morret v. Paske*, 2 Atk. [Eng.], 52; *Powell v. Glover*, 3 P. Wm. [Eng.], 251; *Great Luxembourg Railway Co. v. Magnay*, 25 Beav. [Eng.], 586; *Chaplin v. Young*, 33 Id., 414; *Bowes v. Toronto*, 11 Moore, P. C. C. [Eng.], 463; *Docker v. Somes*, 2 M. & K. [Eng.], 665.

The proposition is not disputed that a county treasurer is entrusted with the care of the public funds which are by law paid to him, and which he is by law required to receive and disburse, and required to pay the remainder over to his successor in office. This duty the defendants performed according to law. The other proposition, that he is a trustee for the county, and, as such, must answer to his principal for any gains and profits he may have made in dealing with the public funds, was not established at the date of the trial of the question in the court below.

By a recent act of the legislature, section 6, chapter 50, of the Session Laws, to take effect August 1, 1891, it is provided that the county treasurers of this state shall deposit and at all times keep in deposit for safe keeping, in state or national banks, or in some of them doing business in the county, and of approved and responsible standing, the amounts of money in his hands belonging to the several current funds of the county treasury, subject to payment when demanded by the county treasurer on his check, and shall be required to pay to the county, for the privilege of keeping such deposits, interest amounting to not less than three per cent per annum upon the amounts so deposited, to be computed on the average daily balance of the public moneys kept on deposit therewith, and shall be paid and credited to the county on the first day of January, April, July, and October of each year. (Consolidated Statutes, sec. 4275.) This statute has no bearing on the present inquiry. Section 124 of the Criminal Code, entitled "Embezzlement," of public money, provides that "If any officer, or any other person charged with the col-

lection, safe keeping, and disbursement of the public money, or any part thereof, belonging to the state, or to any county or precinct, organized city, or village, or school district in the state, shall convert to his own use, or to the use of any other person or persons, body corporate, association, or party whatever, in any way whatever, or shall use, by way of investment in any kind of security, stock, loan, property, land, or merchandise, or in any other manner or form whatever, or shall loan, with or without interest, to any company, corporation, association, or individual any portion of the public money, or any other funds, property, bonds, securities, assets, or effects of any kind, received, controlled, or held by him for safe keeping, transfer, or disbursement, or in any other way or manner, or for any other purpose, or if any person shall advise, aid, or in any manner participate in such act, every such act shall be deemed and held in law to be an embezzlement of so much of said moneys or other property as aforesaid as shall be thus converted, used, invested, loaned, or paid out as aforesaid, which is hereby declared to be a high crime, and such officer or person or persons shall be imprisoned in the penitentiary not less than one nor more than twenty-one years, according to the magnitude of the embezzlement, and also pay a fine equal to double the amount of money or other property so embezzled as aforesaid, which fine shall operate as a judgment at law on all of the estate of the party so convicted and sentenced, and shall be enforced to collection by execution or other process for the use only of the party or parties whose money or other funds, property, bonds or securities, assets, or effects of any kind as aforesaid has been so embezzled. And in all cases such fines so operating as a judgment shall only be released or entered, as satisfied by the party in interest as aforesaid," etc. This provision was an ample remedy for the plaintiff. The whole of the interest received by the defendants, and the value of the property acquired by them through their em-

bezzlements of the public funds as county treasurer, if susceptible of proof, could have been directly inquired of and the proceeds secured to the county under the penalties of this section of the Criminal Code. If not susceptible of criminal prosecution, under this section, though the grounds and allegations of the petition were deemed to be substantial, in accordance with the economy of the later statute, the complaint against the defendants is as a vain shadow, and the county of Wayne disquieteth itself in vain for the money.

At the October term 1878, in an action of *State v. Keim & Grable,* to recover a deposit of $2,000, with defendants as bankers, deposited for safe keeping, to be paid on demand, it was held, as in this case, on demurrer, that an unauthorized or unsatisfied loan or deposit of public money constitutes no cause of action in the name of the state. (8 Neb., 63.)

In a latter case the plaintiff in error had recovered a judgment against L. J. Gandy, who, as treasurer of York county, had on deposit in the Farmers & Merchants Bank of York $1,500 of the public money which was garnished by the plaintiff. It was held that in the face of the Criminal Code, prohibiting the depositing of public funds, the defense that the money was deposited by the judgment debtor as county treasurer, and as public funds could not be heard either from the judgment debtor or the garnishee, and that the money was subject to garnishment by the plaintiff.) *First Natl. Bank, South Bend, Ind., v. Gandy,* 11 Neb., 431.)

In the more recent action of the *County of Cedar v. Peter Jenal, late county treasurer, and others, sureties on his bond,* for the recovery of the remainder due the county, on being succeeded in office, it was held "that the mere delivery of certificates of deposit of a banker, no money having been realized from them, even if assented to by his successor, is not a payment; nor will it relieve the outgoing

treasurer and his sureties from liability on his official bond, from failing to pay over the remainder found due from him to the county on final settlement." The chief justice in delivering his opinion said: "In the collection, care, and disbursement of the revenues in this state such certificates are not known to the law, and no officer has a right to deal in them on behalf of the public. If a treasurer invests the public funds in them he is guilty of a highly penal offense. (See sec. 124 of the Criminal Code.) It would indeed be a strange system of laws that would permit an act denounced as a felony to be pleaded in bar of an action brought to recover money lost by that act. But such is not the law. (14 Neb., 253.)

From these precedents we conclude that the plaintiffs had no cause of action in the form pleaded at the hearing of the issue on demurrer in the court below. And however much we may respect the maxims of counsel, that public office is a public trust, and that county treasurers are trustees to account for the net proceeds of the gains and profits of the public money, we have no doubt that the present action is erroneous, and that the bill of complaint, if it could charge the defendants, is too inexact and multifarious to be supported. The judgment of the district court is

AFFIRMED.

THE other judges concur.