OLIVE, STERNENBERG & CO. v. W. C. MORGAN & CO.

No. 510.

1. **Contract—Release—Valuable Consideration.**—An agreement with a creditor of a partnership to release one member of the firm from his liability on a partnership debt and accept the other partner as solely liable thereon, must be founded on valuable consideration.

2. **Setoff—Partnership and Individual Debts.**—Partners can not offset a partnership liability with a debt due from a creditor to a member of the firm.

3. **Partnership and Agency—Authority to Make Contracts of Guaranty.**—A member of an ordinary commercial partnership has no implied authority to bind the firm as sureties or guarantors for another; nor is such authority within the apparent scope of the powers of a general agent of the firm.

APPEAL from Bexar. Tried below before Hon. W. W. KING.

*J. D. Crenshaw,* for appellants.—1. A principal is only bound by the acts of his agent when the agent has received special authority to do the act, or when the principal holds the agent out to the world as having the authority to do the act, or when the principal, with knowledge of the facts, ratifies the acts of the agent. Story on Agency, secs. 126, 127, 244.

2. An agreement with a creditor of a partnership to release from liability on his claim against the firm one member of the partnership, and accept the other partner as solely liable thereon, must be founded on a valuable consideration. Story on Part., 7 ed., secs. 369, 370; Pars. on Part., 3 ed., 429, 430, 457.

No brief for appellees reached the Reporter.

NEILL, ASSOCIATE JUSTICE.—The appellants, Olive, Sternenberg & Co., as a firm composed of S. C. Olive, J. A. Sternenberg, V. A. Petty, and G. A. Sternenberg, brought this suit against W. C. Morgan & Co., an alleged partnership composed of W. C. Morgan and R. P. Pace, to recover $239.18 on a bill of exchange drawn payable to appellants' order and accepted by appellees, and the further sum of $1618.13 on a verified account, alleged to be due for lumber sold by appellants to appellees.

The appellees answered (1) by a general denial; (2) that appellants had overcharged them on the account, and that, making the proper deductions for such overcharges, they were only due them on both the bill of exchange and account, the sum of $1469.21; (3) that by agreement between the parties, appellants had released R. P. Pace from all liability on the account and draft, and W. C. Morgan had assumed and agreed to pay the same; that Morgan is in fact the only defendant to the suit, and that Pace was made a party solely for the purpose of preventing Morgan from pleading in offset certain matters hereinafter mentioned; and (4) that at the time of the sale of the lumber men-

tioned in the account, one Oscar Crawford had made a bid for the
erection of certain public buildings in the city of San Antonio, which
appellants, for the purpose of selling him the lumber to be used in
their construction, were desirous should be accepted and the contracts
awarded him, and for the purpose of securing such contracts for Craw-
ford, appellants, by promising W. C. Morgan that they would hold
him harmless therefrom, induced him to go on Crawford's bond as
such contractor (neither the obligation nor the condition of the bond
is averred, nor is any better description of it given than is above
stated; neither is it alleged in the answer that such bond was accepted,
or that any contract to construct the buildings was ever made with
Crawford); that afterwards, the contractor having failed to pay for
material furnished for said buildings by other parties, such parties
sued and garnished the money due Crawford from the city of San
Antonio, and thereby stopped its payment; wherefore, Crawford being
unable to proceed with his contracts or pay appellees for lumber and
material purchased from them, appellees applied to and induced W.
C. Morgan to go on certain replevin bonds of Crawford in the suits
wherein the writs of garnishment were issued, by promising him that
they would hold him harmless from all damages that he might incur
therefrom; that afterwards, Crawford failing to produce the money,
judgments were rendered in said suits against Morgan on the replevin
bonds, aggregating the sum of $1676.42, besides interest and costs,
which judgments he had paid in full, by reason of which he was sub-
rogated to the rights of the plaintiffs in the suits wherein they were
rendered; which sum Morgan pleaded in setoff of the demands of ap-
pellants sued upon; and asked judgment over against them for the
balance.

By a supplemental petition, various exceptions were interposed by
appellants to the plea of setoff, which are not shown by the record to
have been acted on by the court. They also pleaded a general denial.

Upon the trial the jury, to whom the cause was submitted, returned
a verdict in favor of W. C. Morgan against appellants for $250, where-
fore judgment was rendered, "that the firm of W. C. Morgan & Co.
go hence without day and recover of plaintiffs their costs;" and in
favor of W. C. Morgan against appellants for the sum of $250, with 6
per cent interest thereon until paid, for which sum, upon motion for a
new trial, Morgan entered a remittitur. This appeal is from the judg-
ment as entered with the remittitur.

In arriving at their verdict, the jury must have reached the conclu-
sion that R. B. Pace had been released from his liability on the de-
mands sued upon.

It is contended by appellants that there was no evidence to warrant
such conclusion, and, as this was made one of their grounds for a new
trial in their motion therefor, the court erred in refusing it. It is a
principle well understood, that an agreement with a creditor of a
partnership to release one member of a firm from his liability on a

partnership debt and accept the other partner as solely liable thereon must be founded on a valuable consideration. Pars. on Part., 390; Story on Part., secs. 369, 370; Early v. Burt, 68 Iowa, 716; Clark v. Billings, 59 Ind., 508.

In this case, there was no evidence that the appellants ever agreed to release R. P. Pace from his partnership liability and look to Mr. Morgan for their debt; nor of anything tending to show that Morgan ever assented to the release of his partner and assumed alone the payment of the indebtedness. If there was any evidence of such agreement (and there was not a particle), there is not even a pretense that there was any consideration that would tend even remotely to support it. Therefore, as partners can not offset a partnership liability with a debt due from a creditor to a member of the firm, the court should not, in the absence of allegations and proof of a release of Pace from his liability on appellants' demand, have submitted the matters pleaded in setoff by Morgan to the jury at all; and should, when a new trial was asked upon the failure of the evidence in that regard to support the verdict, have promptly granted it.

The contention of appellees is, that the supposed release of Pace, as well as the undertaking to indemnify Morgan, was effected through appellant's agent, R. J. Hand. There is not a scintilla of evidence to show that Hand was authorized by appellants to do either. Such authority was not in the apparent scope of his agency, nor was it alleged or shown that making contracts as sureties or guarantors was within the business of the partnership of appellants. It appears from the pleadings and proof to have been simply a commercial partnership; and it is well settled that a member of such a firm, notwithstanding his general agency as a member of the concern, has no implied authority to bind the firm as sureties or guarantors for another. Brandt on Surety. and Guaranty, secs. 18, 19; Bates on Part., sec. 349; Buchard v. Cavins, 77 Texas, 365. If a partner has no such implied authority, a general agent of such partnership certainly has none. Therefore, there being no evidence tending to show that Hand was specially authorized by his principals to either release Pace or indemnify Morgan as surety on said bonds, such issues should not have been submitted to the jury; and the motion for the new trial should have been granted, upon the ground that there was no evidence on such issues to support the verdict.

It is hardly necessary to say, in view of what we have written, that if the letter, the contents of which were testified to by Morgan, written by Hand to S. C. Olive, introducing the witness as the person "we got to go on the bond of Oscar Crawford," had been produced on the trial, it would not have been evidence against appellants to show that the firm had authorized Hand to procure Morgan's signature on the bonds in question, and to indemnify him against his liability on them. If, however, it was relied on for that purpose, secondary evidence should not have been admitted to prove its contents until appellees showed

their inability to procure the original, after taking the proper steps to do so. The letter was not written to the firm, but to one of its members; and if notice to the firm to produce it was the proper step to be taken for its procurement, it should have been given in time to have enabled the appellants to have complied with the requirements of such notice, which was not done. Rice on Ev., sec. 96b; Wade on Notice, secs. 286, 287; 1 Whart. on Ev., secs. 152, 155.

It is unnecessary to consider the other errors assigned, as they are such as will not likely occur on another trial.

The judgment of the District Court is reversed, and the cause remanded.

*Reversed and remanded.*

Delivered November 7, 1894.