(13 Misc. Rep. 40.)

### GALLAGHER v. DAVID STEVENSON BREWING CO.

(Common Pleas of New York City and County, General Term.　June 3, 1895.)

1. GUARDIAN AND WARD—SUMMARY PROCEEDINGS BY GUARDIAN.
    A guardian in socage may lease the infant ward's land in his own name, and, as such guardian or general guardian, may maintain a summary proceeding for possession of the land.
2. SAME—COUNTERCLAIM.
    A counterclaim against the landlord personally is not available against him in his capacity as guardian.

(Syllabus by the Court.)

Appeal from district court.

Summary proceedings by Essie M. Gallagher against the David Stevenson Brewing Company.　Judgment was entered in favor of plaintiff, and defendant appeals.　Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

George W. McAdam, for appellant.

Charles A. Flammer, for respondent.

PRYOR, J.　In a summary proceeding for the dispossession of a delinquent tenant, it appears that the pursuer held the demised premises as guardian in socage for her infant children, and that she leased them in her own name and as of her own right.　The proceeding is prosecuted by her as guardian for the infant owners.　For affirmative defense, it was pleaded and proved that she was indebted to the tenant, individually, in a sum exceeding the amount of the unpaid rent.　Judgment went against the tenant.

It is argued for the appellant that since the lease was by Essie M. Gallagher in her own right, and the petition is by her as general guardian of her infant children, the conventional relation of land-

lord and tenant does not subsist between the parties to the proceeding. But, upon the evidence, the mother was guardian in socage of her infant children, and it appears that before the commencement of the proceeding she was duly appointed their general guardian. Whether as guardian in socage or general guardian, she had custody of the infants' real estate, was entitled to receive its rents and profits, might lease it and recover the rent in her own name, and might maintain trespass or ejectment in respect of her wards' land. Field v. Schieffein, 7 Johns. Ch. 150; Holmes v. Seely, 17 Wend. 78; Pond v. Curtiss, 7 Wend. 45; Thacker v. Henderson, 63 Barb. 271, 277, 278; In re Hynes, 105 N. Y. 560, 563, 12 N. E. 60; Byrne v. Van Hoesen, 5 Johns. 66. Such being the relation of the respondent to the demised premises, she had a right to lease them in her own name, and to maintain a summary proceeding for recovery of their possession. Sylvester v. Ralston, 31 Barb. 286. Though the premises be the property of her wards, in legal effect she is the landlord. Indeed, the tenant is estopped to dispute her title. This being so, it is contended that the debt against Essie M. Gallagher in favor of the tenant is a legal counterclaim in bar of the proceeding. Code Civ. Proc. § 2244, as amended in 1893. But, by subdivision 3, § 502, of the Code, "if the plaintiff is trustee for another; or if the action is in the name of another who has no actual interest in the contract on which it is founded; a demand against the plaintiff shall not be allowed as a counterclaim." The respondent prosecutes as guardian, i. e. as trustee for her wards; and, since she owes the debt in her own proper capacity, it is not available against her claim in the capacity of guardian. The judgment is affirmed, with costs. All concur.