HENRY E. LEWIS, RECEIVER, v. WILLIAM F. PICKERING.

FILED FEBRUARY 23, 1899. No. 8725.

Negotiable Instruments: SET-OFF. In an action against the maker of a promissory note he cannot plead as a set-off an amount due from plaintiff to a society, of whose funds the defendant, as an officer, is custodian.

ERROR from the district court of Buffalo county. Tried below before SINCLAIR, J. *Reversed.*

*Dryden & Main*, for plaintiff in error.

References: *Scammon v. Kimball*, 92 U. S. 362; *Slow v. Yarwood*, 14 Ill. 424.

*John Hoge*, contra.

RYAN, C.

This action was brought in the district court of Buffalo county by the receiver of the Buffalo County National Bank for the collection of a note for $597.22 made to that bank by William F. Pickering. The defendant just named was allowed a set-off of the amount which was due on a deposit in the Buffalo County National Bank, and there was judgment against him for the balance of the note and interest. For a review of the ruling whereby the

said set-off was allowed the receiver of the bank has prosecuted these error proceedings. The note was the individual note of Pickering. The set-off was evidenced by an account with the bank under the name of W. F. Pickering, receiver, and the evidence disclosed that the money he had deposited in this account was the property of a society described as the A. O. U. W. Lodge. It was suggested in argument that the ruling of the district court was in line with *First Nat. Bank of South Bend v. Gandy*, 11 Neb. 431, but in this we cannot concur. In *First Nat. Bank of South Bend v. Gandy, supra*, Gandy had deposited, as county treasurer, certain money with the bank, which was garnished as a supposed debtor of Gandy, on an execution issued upon a judgment against him. In the district court the garnishee was discharged and the judgment debtor prosecuted error proceedings to this court, and it was held that Gandy could not legally deposit the funds of the county with the garnishee bank, and, therefore, that the bank could not be permitted to assert that he had done so. In the case under consideration the receiver of the A. O. U. W. Lodge bases his right to set-off the amount due that lodge on the proposition that the deposit was his own individual property. If the principle underlying the case of the *First Nat. Bank of South Bend v. Gandy, supra*, is applicable, its practical effect would be to estop Pickering to insist that the money of the lodge had been converted to his use. The estoppel invoked in *First Nat. Bank of South Bend v. Gandy, supra*, was based upon statutory provisions forbidding the loaning by a public officer of public funds with which he is intrusted, and we shall not, therefore, accept that case as determinative of the questions involved herein. The deposit in this case was of funds of the lodge, practically as though the deposit had been in its name; for, if there had been a controversy between a successor of Pickering in office and himself as to who was entitled to such funds, they must have been awarded to such successor. If we are correct in this assumption,

it inevitably results that Pickering could not plead as a set-off to the claim against himself, individually, the indebtedness due from the creditor to the lodge. The judgment of the district court is therefore reversed.

REVERSED AND REMANDED.