Argued January 29, reversed February 13, rehearing denied March 5, 1918.

## SANFORD *v.* PIKE.

### (170 Pac. 729; 171 Pac. 394.)

**Evidence—Presumption as to Continuance of Situation.**

1. Where, when a trustee's account with a bank was opened, all of the funds belonged to the beneficiaries, the presumption is that such situation continued.

**Trusts—Right of Trustee to Beneficiaries' Funds—Evidence.**

2. If a trustee who opened a bank account with his beneficiaries' funds thereafter is to be entitled to treat the funds as his own, he must establish his right to them by unequivocal proof.

**Setoff and Counterclaim—Capacity in Which Defendant Holds.**

3. A lawful setoff must be based on a claim held by defendant in the same right as that in which he is sued.

Setoff and Counterclaim—Setoff by Trustee—Illegality.

4.   An agreement between a trustee and the bank, which had a deposit of his individual funds and the funds of his beneficiaries, that a claim of the trustee as such be set off against a claim against him in his individual capacity would be unlawful, in the absence of consent by the *cestuis que trustent*.

Setoff and Counterclaim—Claim in Favor of One Partner—Setoff Against Firm.

5.   A claim in favor of one partner cannot be set off against a partnership obligation, in the absence of agreement by all parties that the setoff shall be available.

[Right to set-off partnership debt against claim by individual partner, see note in Ann. Cas. 1915C, 809.]

### ON PETITION FOR REHEARING.

Bills and Notes—Action—Defenses—Want of Consideration—Pleading.

6.   The petition, in action on a note, alleging an indebtedness in settlement of which the note was given, and the answer not denying this, but, though alleging want of knowledge of the exact amount of the indebtedness, pleading a setoff, the defense of want of consideration is not available.

Setoff and Counterclaim—Claim in Favor of One Partner—Setoff

7.   A fund constituting an asset in which others than defendants are interested, and rights in which have not been segregated, cannot be used by way of setoff.

From Coos: GEORGE F. SKIPWORTH, Judge.

Suit by S. A. Sanford against W. E. Pike, Hannah P. Pike, P. L. Phelan, W. B. Hammitte and First National Bank of Roseburg, a corporation, in which suit there was a decree in favor of the bank, and plaintiff and the defendant, First National Bank, appeal. Reversed and decree entered.

Department 1.   Statement by MR. JUSTICE MC-CAMANT.

This is a suit brought to foreclose a deed of trust executed by the defendants Pike to secure an indebtedness of $13,500 owing by them.   The deed ran to T. R. Sheridan as trustee for the First National Bank of Roseburg and was assigned by him to plaintiff.   When the deed was executed, it was the belief of the defendants that the entire debt secured was held by the First

National Bank of Roseburg. It subsequently transpired that $4,000 of the debt belonged to the defendant W. B. Hammitte, who held one of the notes making up the aggregate of $13,500. Hammitte never authorized or ratified the taking of the deed of trust as security for his share of the debt and was awarded no relief in the lower court except a judgment for costs.

The defendants Pike admit that they executed a note to the First National Bank of Roseburg for $13,500 under date of April 15, 1910, signed by W. E. Pike & Co. The partnership consisted of the defendants W. E. Pike and Hannah P. Pike. There is no dispute that this sum is the balance of a debt at one time owing by W. E. Pike and another to the bank. The answer pleads no payments in addition to those admitted in the complaint. The substance of the defense is found in the following allegations of the answer:

"Defendants further allege that said trust deed was executed under the following circumstances, to wit: At said date and long prior thereto the defendant, W. E. Pike, as Trustee, had an open running account with the First National Bank of Roseburg, and had deposited large sums of money with said bank and there was at the time of the execution of said trust deed a large amount of money due from said bank to said W. E. Pike, Trustee, but said account had never been settled or adjusted and there were large amounts of interest due thereon which had never been computed or settled, and at the time of giving said trust deed the defendant, W. E. Pike, was the owner of the greater portion of said account standing in the name of W. E. Pike, Trustee, and the defendant, Hanna P. Pike, was one of the beneficiaries of said trust account and said trust account had become at that time the property of said defendants, with the exception of about two thousand five hundred dollars, and it was at that time agreed between these defendants and said First Na-

tional Bank, acting through the said T. R. Sheridan, its president, that said trust account should be audited, computed and adjusted, as soon as the employees of said Bank could perform the necessary clerical work, and credits that might appear therefrom should be given so that all of the claims existing between these defendants and said First National Bank should be settled in full. Defendants further allege that said First National Bank and said T. R. Sheridan have entirely failed to carry out said agreement and no statement of said trust account has ever been rendered to these defendants or to said Trustee, except partial accounts rendered from time to time, which did not purport and which were not intended to be complete statements of the account between said Bank and said Trustee, but these defendants allege that a true statement of said account is hereto annexed, marked Exhibit 'A' and made a part hereof, and that there is now due upon said account from said First National Bank of Roseburg, to W. E. Pike, Trustee, the sum of $16,826.04 and that said account is now the property of these defendants, with the exception of a sum amounting to about two thousand five hundred dollars.''

''Defendants further allege that at the time of the giving of the trust deed referred to in Paragraph 5 hereof there was in truth and in fact nothing due from these defendants, or either of them, to said First National Bank of Roseburg, nor to said T. R. Sheridan, and a full accounting at that time would have shown a balance due to these defendants, and the supposed consideration in said trust deed has entirely failed but these defendants were induced to sign said trust deed for the purpose of securing to said First National Bank of Roseburg any balance which might be found to exist in its favor, but in truth and in fact there was nothing due said Bank at said time and if said Bank and said Sheridan had at that time furnished these defendants a complete statement of their account, including the account standing in the name of W. E. Pike, Trustee, it would have been ascertained at that time, that there was nothing due from these defendants, but these defendants, being unable to ascertain

a true statement of said account at said time, were induced to believe and did believe that there was at that time a large sum due from these defendants to said Bank.''

The lower court found for plaintiff, but subsequently set aside the decree in plaintiff's favor and entered a decree against the First National Bank in the sum of $7,776.24. From this latter decree plaintiff and the defendant bank appeal.

REVERSED AND DECREE RENDERED.

For appellants there was a brief and an oral argument by *Mr. Oliver P. Coshow.*

For respondents there was a brief over the names of *Mr. Austin S. Hammond* and *Mr. E. B. Sperry,* with an oral argument by *Mr. Hammond.*

MR. JUSTICE McCAMANT delivered the opinion of the court.

It clearly appears that the debt for the security of which the deed of trust was given was owing individually by the defendant W. E. Pike and that the defendant Hannah P. Pike consented that the note of the partnership should be given for it. Both of said defendants executed the deed of trust covering their individual property, to secure this debt.

It also appears that the defendant W. E. Pike was guardian of five minor heirs of the Kinnicutt Estate and was trustee of the funds of four of the heirs who were of age. Moneys which he held in this fiduciary capacity to the amount of $34,613.30 were deposited by him in the defendant bank. The fiduciary character of the funds was disclosed to the bank when the deposit was made; the deposit was carried to the credit of "W. E. Pike, Trustee of the Kinnicutt Estate of

Myrtle Point." The disputed questions of fact have to do with the condition of this account, the defendants Pike contending that there is a large credit balance therein. Plaintiff contends that the doctrine of *Dove v. Hayden*, 5 Or. 501, *Burrage v. Bonanza G. & Q. Min. Co.*, 12 Or. 169 (6 Pac. 766), and *Le Clare v. Thibault*, 41 Or. 601 (69 Pac. 552), forbids the assertion in this suit of the counterclaim alleged in the answer. The defendants Pike disclaim the intention to set up a counterclaim; they contend that their pleading avers want of consideration for the note sued on.

1, 2. The defendant W. E. Pike testified that he had settled with his *cestuis que trustent* from time to time and that on June 29, 1915, when he testified, there was due to the beneficiaries only the sum of $3,220.32. There is no testimony as to the state of his account with his beneficiaries at the time when the note was given or when the deed of trust was executed, or when the answer was filed. When the account was opened, all of the funds belonged to the beneficiaries and the presumption is that this continued to be the situation. If the defendant W. E. Pike is to treat these funds as his own, he must establish his right to them by unequivocal proof. The testimony fails to show that there was ever a segregation of the moneys on deposit, those belonging to W. E. Pike being separated from those belonging to the Kinnicutt heirs.

3. Waiving the questions of procedure pressed upon our attention by appellants, we think the facts above recited are fatal to the defense set up in the answer. A lawful setoff must be based on a claim held by defendant in the same right as that in which he is sued: *Dray v. Bloch*, 29 Or. 347, 353 (45 Pac. 772). The defendant W. E. Pike cannot pay his debt with the money of his wards. "The court will not allow, much less

aid, a guardian to apply the estate of his wards to
the discharge of his individual indebtedness'': *Dobyns*
v. *Rawley,* 76 Va. 537, 542; *Gansner* v. *Franks,* 75 Mo.
64; *Gallagher* v. *David Stevenson Brewing Co.,* 13
Misc. 40 (34 N. Y. Supp. 94) ; *Robertson* v. *Garshwiler,*
81 Ind. 463, 464. If this defendant is to be treated
as a trustee, the rule is the same; *Lewis* v. *Pickering,*
58 Neb. 63 (78 N. W. 368). This case closely re-
sembles the instant case in its facts.

4. If the answer be construed as alleging an agree-
ment between Pike and the bank that one claim was
to be set off against the other, the allegations are not
sustained by the proof. In the absence of consent by
the *cestuis que trustent* such an agreement would be
unlawful: *Dobyns* v. *Rawley,* 76 Va. 537, 542; *Jeffray*
v. *Towar,* 63 N. J. Eq. 530, 540 (53 Atl. 182).

5. The deed of trust was given to secure a partner-
ship note. If the claim against the defendant bank be
treated as the sole property of W. E. Pike, he is not
entitled to allege it by way of setoff or recoupment in
this suit. A claim in favor of one partner cannot be
set off against a partnership obligation: 25 Am. & Eng.
Enc. Law (2 ed.), 578, 579; *Rogers* v. *McMillen,* 6 Colo.
App. 14 (39 Pac. 891); *Olive* v. *Morgan,* 8 Tex. Civ.
App. 654, 656 (28 S. W. 572); *Pope Mfg. Co.* v.
*Charleston Cycle Co.,* 55 S. C. 528 (33 S. E. 787); in
the absence of an agreement by all parties that the
setoff shall be available: *McDonald* v. *Mackenzie,* 24
Or. 573, 575 (14 Pac. 866). See, also, *Schade* v. *Muller,*
75 Or. 225, 230 (146 Pac. 144).

It follows that the decree of the lower court is re-
versed and a decree will be entered here foreclosing the
deed of trust. Plaintiff will have judgment for the
face of the note and taxes paid as alleged in the twelfth
paragraph of the complaint, with interest. The de-

fendants Pike will have credit for the amount of the Hammitte note and also for the payments admitted in paragraphs 11 and 12 of the complaint.

The parties stipulated for an attorneys' fee of $750 in case plaintiff should recover the full amount demanded. This stipulation will be followed. The decree will be without prejudice to the claim of W. E. Pike, Trustee, against the defendant bank, and the claim of W. B. Hammitte against W. E. Pike and P. L. Phelan.        REVERSED AND DECREE RENDERED.

REHEARING DENIED.

MR. JUSTICE MOORE, MR. JUSTICE BURNETT and MR. JUSTICE BENSON concur.

---

Denied March 5, 1918.

ON PETITION FOR REHEARING.

(171 Pac. 394.)

*Mr. A. S. Hammond* and *Mr. E. D. Sperry,* for the petition.

*Mr. Oliver P. Coshow, contra.*

Department 1. MR. JUSTICE MCCAMANT delivered the opinion of the court.

6. In a petition for a rehearing the defendants Pike again press upon us their contention that the note sued on was without consideration to support it. It is contended that even if the account standing to the credit of Pike, trustee, be disregarded, there was no debt owing from the defendant W. E. Pike to the bank at the time when his firm executed the note secured by the

deed of trust. ₒ This contention is not available to these defendants under the pleadings.

It is alleged in the complaint:

"That at said time the above-named defendant W. E. Pike and P. L. Phelan were indebted to The First National Bank and one W. B. Hammitte in a large sum of money, to wit, in excess of eighteen thousand ($18,000) dollars. That by the terms of an arrangement and settlement between said W. E. Pike and said P. L. Phelan the said P. L. Phelan assumed four thousand eight hundred eighty-three ($4,883) dollars of said indebtedness and gave his note therefor to the plaintiff, securing the same by a mortgage on real property situate in Coos County, Oregon, and the defendant W. E. Pike gave to The First National Bank of Roseburg, Oregon, his note bearing date of April 15, 1910, that being the date of the alleged settlement between said Pike and said Phelan, for the sum of thirteen thousand five hundred ($13,500) dollars."

The corresponding portion of the answer is as follows:

"Answering the allegations contained in paragraph 2 of plaintiff's complaint defendants admit that at about the time alleged a settlement was had between W. E. Pike and P. L. Phelan, substantially as alleged in said paragraph 2, and that the defendant Pike executed a note set out in said paragraph, but defendants allege that they had no knowledge of, and no dealings with W. B. Hammitte and cannot state exact amount due or owing to The First National Bank, at said date."

The complaint plainly alleges an indebtedness to the bank and to Hammitte of $13,500. This allegation is not denied. It clearly appears that Hammitte's share of the debt was $4,000 and the defendants Pike therefore admit a debt due to the bank amounting to $9,500.

The gist of the defense asserted by the answer is stated in the extracts quoted in the former opinion.

It plainly appears that the pleader claimed for the defendants Pike the right to set off against their debt to the bank the balance in the Pike trustee account. The claim that there was nothing due the bank is based on the contention that the credit due Pike, trustee, is greater than the debt evidenced by the note sued on.

7. It is of no consequence that Mrs. Pike is one of the Kinnicutt heirs and therefore one of the beneficiaries in the trust. It appears by the testimony of W. E. Pike that two of the beneficiaries had not been settled with when the case was tried. The amount due these beneficiaries has not been segregated from the amount which W. E. Pike claims as his own. The fund was therefore an asset in which others than these defendants were interested. Such a fund cannot be used by way of setoff to pay the debts of the defendants Pike. A relaxation of this rule would lead to intolerable abuses.

It is finally contended in the petition for rehearing that the question on which the case turns under the former opinion is not raised by the pleadings. The portions of the answer quoted in the opinion are not separately stated as an affirmative defense to the suit and that may be the reason why plaintiff failed to attack them by demurrer. Issue is joined on these allegations by the reply and plaintiff in his brief and in his oral argument contended that the setoff pleaded by the defendants Pike is unavailable to them. This contention is supported chiefly by arguments which we have not found it necessary to pass on. Error is assigned on the findings of the Circuit Court which gave the defendants Pike credit for the balance in the Pike trustee account, and especially on a finding that the amount with which the defendant bank is charged was due to W. E. Pike individually. The question de-

cided in the former opinion is the controlling question in the case and it is squarely presented by the record before us.

The petition for rehearing is denied.

REHEARING DENIED.

MR. JUSTICE MOORE, MR. JUSTICE BURNETT and MR. JUSTICE BENSON concur.